Ronald E. SEMRO and Miro Oryszczak, d/b/a S.O.S. Finishing Equipment and Supply Co., Plaintiffs,

v.

HALSTEAD ENTERPRISES, INC., a California Corporation, Defendant.

No. 85 C 0191.

United States District Court, N.D. Illinois, E.D.

Sept. 30, 1985.

Terry Sullivan/Mary Carol Farmar/Nancy Nicol, Rolling Meadows, Ill., for plaintiffs.

Robert R. Tepper/Martha A. Warren, Rosenthal & Schanfield, Chicago, Ill., for defendant.

MEMORANDUM ORDER

ASPEN, District Judge:

■ For the reasons that follow, plaintiff Ronald Semro's ("Semro") motion to reconsider our order of August 5, 1985, transferring this case to the Central District of California, is conditionally denied. However, before reaching that issue, we must reject defendant Halstead Enterprises' ("Halstead") argument that we lack jurisdiction to rule on the motion to reconsider.

Our transfer order was entered on August 5, 1985. On August 13, 1985, the District Court's Clerk, Stuart Cunningham, transferred the file and papers to the Central District of California. Semro filed its motion to reconsider on August 20, and the Clerk in California received the papers on August 22. The general rule is that

> [w]hen a motion for transfer under 28 U.S.C. § 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the case and may not proceed further with regard to it.

15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, § 3846 (1976) at 228–29; *see Starnes v. McGuire*, 512 F.2d 918, 924 (D.C.Cir.1974) (en banc); *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir.1957) (L. Hand, J.); *Blankenship v. Allis-Chalmers Corp.*, 460 F.Supp. 37, 39 (N.D.Miss.1978). Relying on this rigid, technical rule, Halstead argues that we lost jurisdiction on August 22, the date the California Clerk received the papers.[1] The fact that Semro

---

1. Actually, Halstead argues also that we lost jurisdiction the day the papers were sent. Although the cases cited by the parties indicate some confusion on the issue, we agree with Semro that the best rule is that expressed in the *Blankenship* and *Drabik* cases: this Court loses

filed his motion to reconsider two days sooner would not normally save jurisdiction, since he did not request a stay of the transfer. *See Blankenship*, 460 F.Supp. at 39–40; *Drabik*, 246 F.2d at 409 (motion to reconsider filed one day before papers received by transferee court; failure to move for stay allowed jurisdiction to vest in transferee).

However, for the reasons set forth herein, this rigid rule should not apply to this case. The Clerk in this district has a general policy of holding transfer papers for at least 30 days after entry of the transfer order. Although not codified in our local rules, this policy is consistent with that in other districts and serves the important interest of preserving an aggrieved party's right to move for reconsideration or to appeal. *See, e.g., In re Nine Mile Limited*, 673 F.2d 242, 243 (8th Cir.1982) (and cases cited therein); Wright, Miller & Cooper, § 3846 at 229. It is apparent that someone in the Clerk's Office strayed from this policy, sending the papers only eight days after our transfer order.[2] This mistake might have unfortunately divested us of jurisdiction but for another fact we have learned: the Clerk in the Central District of California has advised our Minute Clerk, Mark V. Tortorici, that although the papers were received on August 22, because of the motion to reconsider they were never docketed or otherwise filed there. That Clerk said the papers would not be filed pending the motion to reconsider and would be returned if we grant the motion. In light of these facts, we hold that the case was never "lodged" in the transferee court, since it never docketed the case and assumed jurisdiction. We therefore retain jurisdiction to entertain Semro's motion to reconsider under the case authority cited

above. *See, e.g., Blankenship*, 460 F.Supp. at 38–39 (applying harsh jurisdictional rule, court holds it lost jurisdiction on day case was *filed and docketed* in transferee court).

■ Having decided that we may consider Semro's motion on its merits, we conditionally deny it. Semro raises only a few new points. First, he contends that new counsel in California would have to duplicate efforts, wasting resources. We disagree. The parties have completed discovery here already and filed the pretrial order. Moreover, it appears that Semro took little or any discovery anyhow. Anything new counsel does in California, then, will not be duplicative.[3] True, there will be "start-up costs" connected with learning about the case, but this is a fairly straightforward contract case, which will not be hard for new counsel to grasp quickly and cheaply.

■ We also reject Semro's argument, *see* Plaintiff's Reply at 3, that our possible lack of personal jurisdiction over Halstead divests us of power to transfer. While a court cannot transfer a case over which it lacks subject matter jurisdiction, it may transfer a case under § 1404(a) if it lacks personal jurisdiction. *See, e.g. Coats Co., Inc. v. Vulcan Equipment Co.*, 459 F.Supp. 654, 659 (N.D.Ill.1978); Wright, Miller & Cooper, § 3844 at 211. Semro's heavy reliance on *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) in this and other respects is misplaced. That case involves the common law doctrine of forum non conveniens. Transfers under § 1404(a) are related to, but separate from, this doctrine, and the statute allows transfers in many more situations than does the common law. *See*

jurisdiction only after the transferee court receives and dockets the papers. *See also Wilson v. Ohio River Co.*, 236 F.Supp. 96, 98 (S.D.W.Va. 1964). This rule ensures that some court has jurisdiction over the case at all times and also can be easily applied. Semro is also correct that *Koehring Co. v. Hyde Construction Co., Inc.*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966) does not hold to the contrary, because of the extraordinary circumstances of that case.

**2.** We intend to notify Mr. Cunningham of this policy lapse.

**3.** Semro's argument that his new counsel might have to depose *him, see* Reply Memorandum at 4, does not make sense. Semro's own lawyer does not have to depose him to learn what he knows.

*Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Coats Co.,* 459 F.Supp. at 656; 7B J. Moore, *et al., Moore's Federal Practice,* ch. 87 (1985) at 604.

Finally, with one modification, we stand by our conclusion in our August 5 order that the convenience of the witnesses roughly cancels out. Semro points out that three of his witnesses are not parties and cannot be subpoenaed. But, it appears that these witnesses are aligned strongly with Semro, since they are officers of the manufacturer of the machine in dispute and have a strong enough pecuniary interest in the outcome of this suit to attend trial voluntarily. Yet, upon reconsideration, we think that in view of the closeness of the transfer question and of the fact that these witnesses are not parties, it is not fair that Semro or these witnesses bear the costs of their travelling to testify. Accordingly, recognizing that our broad discretion in ruling on § 1404(a) motions includes discretion to place conditions on such transfers, *see, e.g., Solomon v. Continental American Life Ins. Co.,* 472 F.2d 1043, 1048 (3d Cir.1973); Wright, Miller & Cooper, § 3844 at 215, we uphold our earlier order of transfer, but place a condition on it: the transfer will be approved so long as Halstead agrees to bear the costs associated with Semro's three non-party witnesses having to travel to California to testify. Such a conditional transfer is not uncommon. *See* Wright, Miller & Cooper, § 3849 at 260 (citing several cases conditioning transfer on a defendant's willingness to bear certain expenses). This condition will mitigate the inconvenience of the transfer to Semro and its witnesses, yet serve Halstead's convenience and further the overall interests of justice in having two related suits tried together.

In sum, then, Semro's motion to reconsider is conditionally denied. If Halstead does not notify us within ten days to the contrary, we will assume it has accepted the condition specified in the preceding paragraphs, and we will enter an order finally denying the motion to reconsider and approving its motion to transfer the case to the Central District of California. It is so ordered.