WILSON–COOK MEDICAL, INCORPORATED; William A. Cook; Cook Group, Incorporated; Robert K. Irie; Dan G. Sterner, Defendants–Appellants,

v.

Jon S. WILSON, Plaintiff–Appellee.

In Re: WILSON–COOK MEDICAL, INCORPORATED; William A. Cook; Cook Group, Incorporated; Robert K. Irie; Dan G. Sterner, Petitioners.

Nos. 90–1076, 90–1155.

United States Court of Appeals, Fourth Circuit.

Argued April 10, 1991.

Decided Aug. 6, 1991.

As Amended Aug. 23, 1991.

McLendon, Humphrey & Leonard, Greensboro, N.C., on brief), for defendant-appellants.

David C. Smith, argued (James R. Hubbard, John N. Taylor, Jr., Allman, Spry, Humphreys, Leggett & Howington, P.A., Winston–Salem, N.C., on brief), for plaintiff-appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

## OPINION

SPROUSE, Circuit Judge:

Wilson–Cook, a North Carolina corporation, is engaged in the design, manufacture and distribution of medical equipment, principally endoscopic devices. The Cook Group, a holding company with investments in health care companies throughout the world, owns 80% of the stock of Wilson–Cook. Plaintiff, Jon Wilson, is a citizen of Canada and a resident of North Carolina, and served as President of Wilson–Cook until his resignation in January 1989. Wilson owned 10% of the stock in Wilson–Cook.

He brought this action in federal district court for the Middle District of North Carolina, contending that defendants (Wilson–Cook, the Cook Group and individual officers and directors of the two companies, hereinafter "the Company") forced him to enter into a stock purchase agreement, failed to pay him dividends, and wrongfully terminated his employment as President of Wilson–Cook. We are not concerned here, however, with the merits of these issues. Instead, our chore on appeal is to determine if the district court correctly unraveled the considerably tangled procedural web woven by the litigants.

The procedural rulings we review center around the district court's allowance of Wilson's voluntary dismissal of his complaint.

Ronald Wilder, argued (Linda K. Stevens, Schiff, Hardin & Waite, Chicago, Ill., Max Daniel McGinn, Brooks, Pierce,

## I.

On May 5, 1989, Wilson filed an amended complaint in the Middle District of North

Carolina, alleging seven causes of action. Count I of this complaint seeks rescission of both Wilson's stock purchase agreement with the Company and his resignation on the grounds of duress, economic coercion and undue influence. Count II demands the same relief based on a claimed breach of fiduciary duties by the officers, directors and majority shareholders of Wilson–Cook and the Cook Group. The next four Counts look for relief under North Carolina statutory provisions: Count III, recovery for wrongful employment termination, wrongful forced execution of the stock purchase agreement and failure to pay dividends; Counts IV and V, failure to pay dividends; and Count VI, dissolution of Wilson–Cook or, alternatively, for fair compensation for stock. Finally, Count VII alleges wrongful termination of employment.

On May 26, 1989, the Company moved to dismiss the amended complaint, asserting lack of venue and personal jurisdiction, failure to state a claim upon which relief may be granted, and misjoinder of claims and parties. After a hearing, the district court dismissed Wilson's claims alleging wrongful discharge (Count VII and part of Count III), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a cause of action. It transferred the claims relating to the stock agreement (Counts I, II, and part of III) to the United States District Court for the Southern District of Indiana because the individual defendants were citizens and residents of Indiana and the events "having operative significance" to these claims occurred in Indiana. Finally, the district court retained jurisdiction over the remaining claims (Counts IV, V and VI), which related principally to the Company's alleged failure to pay dividends.

After the district court's dismissal and transfer orders, but before the files pertaining to the transferred claims were sent to Indiana, Wilson filed three separate notices of voluntary dismissal, pursuant to Rule 41(a)(1)(i):[1] on August 21, 1989, in the Southern District of Indiana (directed to the transferred claims); on August 22, 1989, in the Middle District of North Carolina (directed to the complaint remaining in the North Carolina District Court); and on August 23, 1989, again in the Middle District of North Carolina (directed to the transferred claims in the event the North Carolina District Court retained jurisdiction of those claims).[2] In the meantime, the Company filed an answer and counterclaim on August 22, 1989, in the Southern District of Indiana, some two hours after Wilson had filed his notice of voluntary dismissal of his complaint in the Middle District of North Carolina.

After Wilson filed his notices of voluntary dismissal, the Company moved the North Carolina District Court to vacate the notices, alleging (1) that the court lacked jurisdiction to rule on the transferred claims, (2) that the notices were invalid under Rule 41(a)(1)(i) because each dismissed only part of the action and Rule 41(a)(1)(i) applies only to entire actions and (3) that since the parties had filed affidavits in support of and in objection to the motion to dismiss, that it had been automatically converted to a Rule 56 motion for summary judgment which should have precluded voluntary dismissal. The district court ruled against the Company on all issues. We affirm that judgment.

---

**1.** Rule 41(a)(1)(i) states, in pertinent part:
[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs....

**2.** Wilson also filed a notice of appeal of the order transferring the stock claim to the Indiana court, requesting this court to treat that appeal as a petition for mandamus. The district

court entered an order staying all matters pending resolution of that appeal by this court. We declined to review the transfer order, determining that mandamus relief was not warranted. *Wilson v. Wilson–Cook Medical, Inc.,* 902 F.2d 1567 (4th Cir.1990) (per curiam). Also, by order of January 12, 1990, the district court for the Southern District of Indiana dismissed the transferred complaint, finding that it lacked jurisdiction because the file had not been transferred from the Middle District of North Carolina.

## II.

On appeal, the Company contests the district court's rulings, arguing that the district court lacked jurisdiction over the claims transferred to Indiana and, therefore, could not have dismissed that portion of the complaint; that Wilson's August 22, 1989 notice failed to comply with Rule 41(a)(1)(i) in that it did not apply to the entire action; that the Company's Rule 12(b)(6) motion to dismiss had been converted to a Rule 56 motion for summary judgment prior to Wilson's attempted Rule 41(a)(1)(i) motion, therefore precluding voluntary dismissal; and, that the district court erred in failing to dismiss the entire action with prejudice. We consider the Company's contentions in that order.

### A. Jurisdiction over Transferred Claims

■ The Company first contends that after the district court's order transferring a portion of the claims to federal district court in Indiana, the North Carolina district court lacked jurisdiction over those claims and, therefore, could not grant Wilson's voluntary dismissal with respect to them. It argues that the Supreme Court's decision in *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966), requires a finding that the Middle District of North Carolina lost jurisdiction over the transferred claims when the transfer order was entered, not when the files were physically transferred. *Koehring*, however, is distinguishable. In *Koehring*, the Fifth Circuit directed a district court to transfer a case to another jurisdiction. The district court ignored the Fifth Circuit's order and granted a motion to dismiss. In response, the Fifth Circuit ordered an "instanter transfer" of the case. In determining that the transfer occurred when the instanter order was entered by the Fifth Circuit, not when the files were transferred, the Supreme Court emphasized the "extraordinary circumstances" of the case, stating:

> Although a federal appellate court does not ordinarily itself transfer a case to another district, but remands to the District Court for that purpose, the ex-

traordinary action in this case was taken as a result of extraordinary circumstances.

. . . .

We do not read 28 U.S.C. § 1404(a), providing that "a district court may transfer any civil action," as precluding an appellate court, where unusual circumstances indicate the necessity thereof, from effecting a transfer by direct order.

*Koehring*, 382 U.S. at 364, 365, 86 S.Ct. at 523, 524. No such "extraordinary circumstances" exist in the instant case. The Seventh Circuit distinguished *Koehring* in the same way:

> [U]nlike the situation in *Koehring*, there has been no extraordinary intervention by an appellate court, with an explicit assertion that its transfer order is *instanter*. The Illinois federal district court also made no similar express assertion, as did the court in *Koehring*, that its transfer order was to be effective at the moment of entry of the order, and further there is no suggestion that any urgency existed here.

*Robbins v. Pocket Beverage Co.*, 779 F.2d 351, 355 (7th Cir.1985); *see also Semro v. Halstead Enter., Inc.*, 619 F.Supp. 682, 682–83 n. 1 (N.D.Ill.1985).

The general rule, which was not disturbed by *Koehring* and which we adopt, is that jurisdiction is not conveyed from the transferor court to the transferee court until the record is physically transferred to the transferee court. *Robbins*, 779 F.2d at 355; *Semro*, 619 F.Supp. at 682–83 n. 1.; *Sheldon v. Amperex Elec. Corp.*, 52 F.R.D. 1, 5 (E.D.N.Y.), *aff'd*, 449 F.2d 146 (2nd Cir.1971). Simply stated, some court should have jurisdiction over a case at all times, and this rule helps ensure the maintenance of that principle. *Semro*, 619 F.Supp. at 682–83 n. 1; *Sheldon*, 52 F.R.D. at 5. It is conceded that the record was never physically transferred to the Southern District of Indiana. We conclude, therefore, that the North Carolina district court retained jurisdiction of those claims which it initially attempted to transfer to the Indiana district court.

### B. Voluntary Dismissal of Entire Action

The Company next argues that the district court erred in interpreting Wilson's August 22, 1989, notice of voluntary dismissal as effecting dismissal of the entire action. It maintains that Wilson filed three separate notices of dismissal, each seeking to dismiss only portions of the action and that, because Rule 41(a)(1)(i) applies only to dismissal of entire actions, each notice is invalid. Wilson's August 22, 1989, notice stated:

> Plaintiff, Jon S. Wilson, by counsel, and pursuant to the provisions of Rule 41(a), Federal Rules of Civil Procedure, hereby give[s] notice of the dismissal of all claims set forth in the plaintiff's Amended Complaint over which the Court has retained jurisdiction pursuant to its Orders and Memorandum Opinion filed in this action on August 18, 1989, including the claims of Count III, Count IV, Count V, and Count VI of the Amended Complaint.

The district court found that, "given the uncertainty surrounding the issue of jurisdiction," the wording of the notice was "sufficient to contradict any implication that this was only an attempt at a partial dismissal." [3] We find that conclusion persuasive. It is true that the court had granted the Company's Rule 12(b)(6) motion as to part of the complaint. In our view, however, the effect of that order was to tailor the complaint to its final form. In other words, the counts remaining after the partial dismissal then comprised the entire action for Rule 41(a)(1)(i) purposes.

### C. Conversion of Rule 12(b)(6) Motion

The Company next contends that their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure had been automatically converted to a Rule 56 motion for summary judgment when the district court accepted materials regarding matters outside the pleading. Rule 12(b) states, in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In moving to dismiss, the Company filed a supporting memorandum, as well as, affidavits by William A. Cook, Robert K. Irie and Dan G. Sterner, and a sworn statement by Donald Wilson. On the eve of oral argument, Jon Wilson filed two affidavits responding to the materials submitted by the Company.

The Company correctly asserts that if its motion to dismiss under Rule 12(b)(6) had been converted to a Rule 56 motion for summary judgment, Wilson could not dismiss his action pursuant to Rule 41(a)(1)(i). *See Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir.1979) ("A unilateral motion to dismiss an action is permissible only before the defendant has

---

**3.** On August 21, 1989, upon receipt of the district court's order and opinion of August 18, 1989, counsel for Wilson contacted the Clerk of the Middle District of North Carolina by telephone and inquired if the clerk would accept a Rule 41(a)(1) notice of voluntary dismissal. During that telephone conversation, the clerk purportedly advised Wilson's counsel that the file in this case was closed with respect to the claims subject to transfer, that jurisdiction with respect to the transferrable claims now lay with the transferee court, and that no further pleadings with respect to the claims subject to transfer would be accepted for filing in the Middle District of North Carolina.

Wilson's counsel then contacted the Deputy Clerk of the Civil Division of the United States District Court for the Southern District of Indiana, advised him of the conversation with the Clerk of the Middle District of North Carolina, and asked if he would accept a Rule 41(a)(1) dismissal in the event jurisdiction over the claims subject to the August 18, 1989, order had been transferred. The deputy clerk advised that he would accept the pleadings, but could not formally file them until the file was received from North Carolina, docketed, and assigned a Southern District of Indiana case number.

As a result of those two conversations, Wilson filed Rule 41(a)(1) notices of dismissal in both courts.

filed an answer[4] or a motion for summary judgment.") The district court, however, found that the motion to dismiss had not been converted to a motion for summary judgment, stating:

> While it is true that Defendants did produce affidavits in support of their motion to dismiss, the major portion of the affidavits addressed only the challenge to jurisdiction under Rule 12(b)(2). The one declaration made to support the 12(b)(6) motion was not taken into consideration by this Court when reaching its decision. Moreover, the declaration did not contradict any facts alleged in the complaint. As a result, the affidavits filed by Defendants failed to convert the motion to dismiss to a motion for summary judgment.

We think it significant that during the hearing on the motion to dismiss, the district court specifically stated, without objection by the Company, that "[w]e're not hearing a summary judgment motion here."

Converting a motion to dismiss into a motion for summary judgment, of course, applies only to a motion made pursuant to Rule 12(b)(6). *Haase v. Sessions*, 835 F.2d 902, 905 (D.C.Cir.1987) ("[T]he plain language of Rule 12(b) permits *only* a 12(b)(6) motion to be converted into a motion for summary judgment." (emphasis in original)). Thus, any affidavits submitted by defendants concerning improper venue, lack of personal jurisdiction, and misjoinder of claims and parties did not convert the motion to dismiss.

Central to the issue of the Rule 12(b)(6) conversion, *vel non*, is the Rule 12 language relating to matters presented which might have affected the conversion from a 12(b)(6) dismissal motion to a Rule 56 motion for summary judgment: "... matters outside the pleadings ... presented to and not excluded by the court...." The district court stated that it did not consider the affidavit material that spoke to the Rule 12(b)(6) motion. It accepted the prof-

fered affidavits for purposes of the Rule 12(b)(2), 12(b)(3), 10(b) and 20(a) motions, but excluded them as related to the Rule 12(b)(6) motion. Had the district court accepted and *considered* the affidavits relevant to the 12(b)(6) motion, the motion to dismiss for failure to state a claim would have been converted to a motion for summary judgment. *See Fonte v. Board of Mgers. of Continental Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988) ("If the district court *considered* the affidavit in disposing of the Rule 12(b)(6) motion, it erred in failing to convert the motion to one for summary judgment as the rule requires." (citations omitted; emphasis added)); *Goldman v. Belden*, 754 F.2d 1059, 1066 (2nd Cir.1985) ("Rule 12(b) provides that to the extent that the court decides to *consider* matters outside of the complaint in ruling on a motion pursuant to Rule 12(b)(6), 'the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....'") (Emphasis added.) Here, however, finding little distinction between a court specifically excluding affidavits and a court accepting but refusing to consider them, we are persuaded that the district court effectively excluded the affidavits relating to the Rule 12(b)(6) motion. We conclude that the motion to dismiss was not converted to a motion for summary judgment.

### D. Dismissal Without Prejudice

Finally, the Company contends that the district court cannot allow Wilson's notice of voluntary dismissal, which dismissed the action without prejudice, because the district court had already dismissed part of the action, with prejudice. Once a court has dismissed a claim with prejudice, a party cannot, of course, voluntarily dismiss that same claim, without prejudice. *See e.g., Villegas v. Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir.1990). That, however, is not the case here. The district court dismissed, for failure to state a claim, Count VII and part of Count III and since the court did not state otherwise, the dis-

---

**4.** The Company concedes that Wilson filed his notice of voluntary dismissal before it served its answer, albeit only by a matter of hours. As the district court correctly observed, this admission disposes of any argument that the Company served its answer first.

missal was with prejudice. *Carter v. Norfolk Community Hosp. Ass'n.*, 761 F.2d 970, 971 (4th Cir.1985). As we have stated, however, these two claims ceased to be part of the action once they had been dismissed. Consequently, when Wilson filed his notice of voluntary dismissal, it applied only to those claims still remaining part of the action—*i.e.* not to Count VII and the relevant part of Count III. *See e.g. United States v. City of Chicago*, 752 F.Supp. 252, 255 (N.D.Ill.1990).

Finding no merit to the remaining contentions of the Company, the judgment of the district court is affirmed.

AFFIRMED.