**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THAD KELLY, JR.,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; FARMERS
HOME ADMINISTRATION,
Defendants-Appellees.

No. 96-2278

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
Frank W. Bullock, Jr., Chief District Judge.
(CA-95-92)

Submitted: June 17, 1997

Decided: July 28, 1997

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Lavigne, BRAY & LAVIGNE, Fayetteville, North Carolina,
for Appellant. Walter C. Holton, Jr., United States Attorney, Lynne
P. Klauer, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thad Kelly appeals from the district court's order dismissing for lack of subject matter jurisdiction his action filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. #8E8E # 2671-2680 (West 1994). Kelly challenges the district court's conclusion that the Farmer's Home Administration's ("FmHA") decision not to repair the floor in a house the agency sold to Kelly is within the discretionary function exception to the United States' waiver of immunity under the FTCA. We affirm.

Kelly was hanging pictures in a bedroom of the house he purchased from the FmHA when the floor gave way, causing injuries to Kelly's right leg. Before purchasing the house, Kelly and his real estate agent inspected the house, noting a number of defects in the property. Kelly submitted to the FmHA a list of defects, including that the floor in the front bedroom "showed water stain and could be weak."

James McCaskill, the Community Development Manager for the Rockingham Rural Economic Development Office, reviewed the list to determine which items the FmHA would repair. During his inspections of the house prior to sale, McCaskill observed the water stain, but noted that the floor was dry and did not have any noticeable give or weakness. Concluding that the stain was not indicative of a defect or unsafe condition, McCaskill decided not to repair the floor. He notified Kelly of this decision prior to closing.

One exception to the waiver of sovereign immunity under the FTCA is for acts involving elements of judgment or choice where the acts are based on considerations of public policy. United States v. Gaubert, 499 U.S. 315, 322-23 (1991). To determine if the exception applies, the court must first determine if the government employee's actions are discretionary or mandatory. Acts are discretionary if they

2

involve "judgment or choice," Williams v. United States, 50 F.3d 299, 309 (4th Cir. 1995), rather than having to follow a prescribed course of action. See Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). If the conduct is discretionary and the discretion is based on considerations of public policy, the discretionary function exception applies. See Williams, 50 F. 3d at 323.

The federal regulations governing the sale of FmHA homes require that property be "structurally sound, functionally adequate," "in good repair," and "safe." 7 C.F.R. §§ 1944.16(h), 1955.103 (1996). "Safe" is defined to mean that "a hazard does not exists that would endanger the safety of dwelling occupants." 7 C.F.R. § 1955.103. The adjectives describing FmHA housing requirements are not further defined in the regulations. Because the regulations do not contain specific standards or mandate a certain defined level of safety or adequacy, the FmHA officials have to make choices and exercise their judgment in determining whether houses meet the general standards expressed in the regulations. These decisions, therefore, are discretionary.

The second part of the test to determine whether the discretionary function exception applies is to determine whether the challenged decisions are of the type that normally involve considerations of public policy. See Baum v. United States, 986 F.2d 716, 722 (4th Cir. 1993). The policy goal of the Housing Act of 1949 is to provide decent inexpensive housing for people who might not otherwise be able to obtain financing. To achieve this goal, the FmHA must balance social, economic, and budgetary considerations. Such considerations in a government program are permissible bases for discretionary authority. See Bowman v. United States, 820 F.2d 1393, 1395 (4th Cir. 1987) (decision not to place guardrails in certain area was a discretionary decision because it required balancing safety, environmental impact, and budgetary restrictions). Decisions as to the best allocation or use of resources are "inherently bound up in considerations of economic and political policy, and accordingly are precisely the type of governmental decisions that Congress intended to insulate from judicial second-guessing through tort actions for damages." Baum, 986 F.2d at 724.

Decisions regarding repairs to property to be sold by the FmHA are discretionary decisions involving the balancing of budgetary, politi-

3

cal, and social policy to best achieve the agency's goal of assisting people in attaining adequate inexpensive housing. Therefore, we conclude that the discretionary function exception applies to the FmHA's determination that the floor in the bedroom of Kelly's house was adequate and not in need of repair. See Ortiz v. United States, 661 F.2d 826, 831 (10th Cir. 1981); Wohlford v. United States, 823 F. Supp. 386, 390 (W.D. Va. 1992).

Because the United States is immune from liability for FmHA's repair decisions under the discretionary function exception, Kelly's alternative theories of liability under state law are irrelevant and need not be addressed. See Boyle v. United Techs. Corp., 487 U.S. 500, 511-12 (1988); see also Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 970 (4th Cir. 1992). Therefore, we affirm the district court's order dismissing this action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4