**Donald R. HUFF, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., et al., Defendants.**

**No. 06–395 GPM.**

United States District Court, S.D. Illinois.

Nov. 6, 2006.

John P. Kujawski, Kujawski & Nowak, P.C., O'Fallon, IL, for Plaintiff.

James A. Bax, Brasher Law Firm, St. Louis, MO, Ronald E. Fuhr, Parker, Siemer et al., Effingham, IL, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on the "Motion to Correct the Record" (Doc. 35), the "Motion Pursuant to Rule 59(e) to Alter or Amend this Court's Rul-ing of October 26, 2006 [Doc. 33] Based upon CSX' [sic] Perjured Testimony to Effect a Favorable Ruling" (Doc. 36), and the "Motion to Stay Transfer" (Doc. 37) brought by Plaintiff Donald R. Huff. By Order entered October 26, 2006, the Court transferred this case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). The electronic docket of the United States District Court for the Southern District of Indiana shows that, effective October 30, 2006, the complete file in this case has been transferred to that court. *See Huff v. CSX Transp., Inc.,* No. 2:06–cv–00233–RLY–WGH (S.D. Ind. filed Oct. 30, 2006). "When a motion for transfer under Section 1404(a) of the Judicial Code of the United States has been granted, and the papers lodged with the clerk of the transferee court, it is well settled that the transferor court—and the appellate court that has jurisdiction over it—loses all jurisdiction over the case and may not proceed further with regard to it." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3846 (3d ed. 1998 & Supp.2006) (collecting cases). *See also Jones v. InfoCure Corp.,* 310 F.3d 529, 533 (7th Cir.2002); *Robbins v. Pocket Beverage Co.,* 779 F.2d 351, 355–56 (7th Cir.1985); *A.C. Nielsen Co. v. Hoffman,* 270 F.2d 693, 695 (7th Cir.1959); *Chamberlain v. U.S. Bancorp Cash Balance Ret. Plan,* No. 04–CV–0841–DRH, 2005 WL 2757921, at *1 & n. 2 (S.D. Ill. Oct. 25, 2005); *Comerica Bank v. Sharaf,* No. 05 C 1331, 2005 WL 2445900, at *4 (N.D.Ill. Sept. 27, 2005); *Semro v. Halstead Enters., Inc.,* 619 F.Supp. 682, 682–83 (N.D.Ill.1985); *Karlberg European Tanspa, Inc. v. JK–Josef Kratz Vertriebsgesellschaft mbH,* 618 F.Supp. 344, 349–50 (N.D.Ill.1985). *Cf. Wilson–Cook Med., Inc. v. Wilson,* 942 F.2d 247, 250 (4th Cir.1991); *Stamford Holding Co. v. Clark,* No. CIV.A.02–269, 2005 WL 858164, at *1

(E.D.Pa. April 15, 2005); *In re Brand–Name Prescription Drugs Antitrust Litig.,* 264 F.Supp.2d 1372, 1378 (Jud.Pan. Mult.Lit.2003); *Bobian v. CSA Czech Airlines,* 222 F.Supp.2d 598, 601 n. 1 (D.N.J. 2002); *Blankenship v. Allis–Chalmers Corp.,* 460 F.Supp. 37, 38–39 (N.D.Miss. 1978). Accordingly, Plaintiff's motions (Doc. 35, Doc. 36, and Doc. 37) are **DENIED.** Plaintiff is **ORDERED** to make no further filings in this case in this Court.

**IT IS SO ORDERED.**