**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6196**

ROBERT H. BARNETT

                  Plaintiff - Appellant

v.

FRANCISCO QUINTANA, Warden,

                  Respondent - Appellee,

          and

WARDEN DAVID L. YOUNG,

                  Respondent.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Irene C. Berger, District Judge. (5:18-cv-00279)

Submitted: April 23, 2019                                        Decided: May 9, 2019

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert H. Barnett, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert H. Barnett seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 (2012) petition, granting his motion to add his addendum and transferring the addendum and supporting documents to the United States Court of Appeals for the Sixth Circuit. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended the course ultimately taken by the district court and advised Barnett that failure to file timely, specific objections to this recommendation shall waive appellate review of a district court order based upon the recommendation. Despite this warning, Barnett did not file objections to the magistrate judge's recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Barnett has waived appellate review by failing to file specific objections after receiving proper notice.[*] Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal.

---

[*] On appeal, Barnett claims that he may contest the transfer order because a challenge to subject matter jurisdiction may not be waived or forfeited. We note, however, that once a case has been physically transferred to the transferee court, this court does not have jurisdiction to review the transfer order. *See Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 250 (4th Cir. 1991) (holding that, upon physical transfer of record, jurisdiction is conveyed to the transferee court); *TechnoSteel, LLC v. Beers Constr. Co.*, 271 F.3d 151, 160-161 (4th Cir. 2001) (holding that court of appeals lacks (Continued)

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

jurisdiction to review transfer order once case file is transferred to a court outside the circuit).