**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-2167**

───────────────

DAN C. GRAMATIC,

        Plaintiff - Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:21-cv-00903-CMH-TCB)

───────────────

Submitted:  January 17, 2023                    Decided:  January 19, 2023

───────────────

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Dan C. Gramatic, Appellant Pro Se.  Meghan Elizabeth Loftus, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dan C. Gramatic seeks to appeal the district court's March 14, 2022, order transferring his case to the United States District Court for the District of Colorado, and the district court's May 24, 2022, order denying Gramatic's motion to clarify the denial of his motion for reconsideration of the magistrate judge's order denying Gramatic's self-styled motion to continue disability insurance benefit payments. We grant Defendant's motion to dismiss the appeal as untimely as to the May 24, 2022, order, and dismiss the appeal for lack of jurisdiction as to the March 14, 2022, order.

Regarding the district court's March 14, 2022, transfer order, once a case has been physically transferred to the transferee court, this court does not have jurisdiction to review the transfer order. *See Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 250 (4th Cir. 1991) (holding that, upon physical transfer of record, jurisdiction is conveyed to the transferee court); *TechnoSteel, LLC v. Beers Constr. Co.*, 271 F.3d 151, 160-161 (4th Cir. 2001) (holding that court of appeals lacks jurisdiction to review transfer order once case file is transferred to court outside circuit).[*] We therefore dismiss this portion of the appeal.

Turning to the district court's May 24, 2022, order denying Gramatic's motion to clarify the denial of his motion for reconsideration of the magistrate judge's denial order, Gramatic's appeal is untimely. When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of

---

[*] Moreover, Gramatic previously appealed the district court's March 14, 2022, order and therefore an appeal from this order is duplicative. Gramatic's instant appeal of the order is also untimely. *See* Fed. R. App. P. 4(a)(1)(B).

2

the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, the district court entered its denial order on May 24, 2022. Gramatic filed the notice of appeal on November 9, 2022. Because Gramatic failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal.

Accordingly, we grant Defendant's motion to dismiss the appeal as untimely as to the May 24, 2022, order; deny as moot Defendant's motions to suspend briefing and to dismiss the appeal as untimely as to the March 14, 2022, order; deny Gramatic's motion to appoint counsel; and dismiss the appeal for lack of jurisdiction as to the March 14, 2022, order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3