## In re THOMAS McNALLY CO.

(District Court, S. D. New York. May 26, 1913.)

BANKRUPTCY (§ 16*) — JURISDICTION OF COURT — DISTRICT OF PROCEEDINGS — PRINCIPAL PLACE OF BUSINESS.

In order that a corporation shall have a principal place of business within a district of another state than that of its incorporation, so as to make it subject to bankruptcy proceedings in such district under Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420), it must have been actually doing business at such place during the greater portion of the preceding six months, and where a foreign corporation had in fact done no business in a district for more than three years, owing to the appointment of receivers for its property, the mere fact of its having filed a certificate in a public office, designating a place in the district as its principal place of business, is not sufficient to give the court in such district jurisdiction of proceedings against it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20; Dec. Dig. § 16.*]

In the matter of the Thomas McNally Company, alleged bankrupt. On motion to confirm report of referee recommending adjudication. Motion denied, and petition dismissed.

Myers & Goldsmith, of New York City (E. J. Myers, of New York City, of counsel), for petitioning creditors.

Strasbourger, Eschwege & Schallek, of New York City, for N. Dain's Sons & Co., objecting creditors.

Samuel Strasbourger, of New York City (Max L. Schallek and Samuel Strasbourger, both of New York City, of counsel), for Benjamin B. Odell, Jr., one of the receivers.

HOLT, District Judge. This is a motion to confirm the report of a referee, recommending that the Thomas McNally Company be adjudicated a bankrupt. Section 2 of the Bankrupt Act authorizes courts of bankruptcy to adjudge persons bankrupt—

"who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof."

The alleged bankrupt in this case is a corporation organized under the laws of Pennsylvania. It has at all times maintained its domicile at Pittsburg, in that state, and stockholders' meetings have always been held there. It could therefore be adjudicated a bankrupt in Pennsylvania as the place of its domicile; and the question in this case is whether it can also be adjudicated a bankrupt in this district because it has had its principal place of business here. In 1907 the corporation entered into a contract with the board of water supply of the city of New York for the construction of a section of the Catskill Aqueduct in the counties of Putnam and Westchester, within the Southern district of New York. It then opened an office at Garrison's, in Putnam county, and started operations under the contract. Subsequently a certificate was filed in the office of the comptroller of the city of New York, changing the address of the corporation to

988 Main street, Peekskill, N. Y. In March, 1909, an action was begun against the corporation in the Supreme Court of the state of New York for Westchester county, under which receivers were appointed. The order directed that all the property of the corporation be turned over to the receivers, which was done. The receivers have since continued to carry out the contract for the construction of this section of the aqueduct. Since the receivers' appointment in 1909 the corporation has done no business whatever in the Southern district of New York. A resolution of the directors was passed at a meeting held October 23, 1912, in the city of New York, making 627 East Eighteenth street, in said city, the principal office of business of the corporation.

One of the grounds of objection to the confirmation of the referee's report is that the alleged bankrupt had not had a principal place of business within the Southern district of New York during the six months prior to the filing of the petition. The petition was filed in December, 1912. The referee relies on the fact that while the corporation was carrying on the business of performing the contract for the construction of the section of the aqueduct, it had a principal place of business, first at Garrison's, and afterwards at Peekskill, and that there has been no subsequent removal of the principal place of business outside the Southern district of New York. There is no proof that any certificate was filed either with the city comptroller or in the Secretary of State's office in respect to doing business at Garrison's. The proof shows that a certificate was filed with the comptroller of the city of New York, as required by the provisions of the contract, of the change of the principal place of business to Peekskill, and that afterwards such a certificate was filed with the city comptroller purporting to change the place of business to New York, and the fact of these designations having been made is, as I understand it, the only fact upon which the referee bases his conclusion that the company had a principal place of business within the Southern district of New York.

In the Matter of Perry Aldrich Co. (D. C.) 21 Am. Bankr. Rep. 244, 165 Fed. 249, a Maine corporation was engaged in business in Massachusetts. Receivers were appointed by the state court of Massachusetts, and took possession of the property. The company gave up its large office, but retained a small office, where it received its mail, made some small sales and collections of amounts due it, and attended generally to its interests. The court held that the corporation was not doing business in any proper sense of the word after the date of the appointment of the receivers. In the case of Tiffany v. Condensed Milk Co. (D. C.) 15 Am. Bankr. Rep. 413, 141 Fed. 444, the court held, upon a substantially similar state of facts, that the company still had a principal place of business. The referee relied upon the case of In re Moench & Sons Co. (D. C.) 10 Am. Bankr. Rep. 656, 123 Fed. 965, affirmed by the Circuit Court of Appeals for the Second Circuit in 12 Am. Bankr. Rep 240, 130 Fed. 685, 66 C. C. A. 37. In that case the corporation was incorporated by the state of New York under the laws of the state of New York, and I do not see why the court

had not jurisdiction to adjudicate it a bankrupt on the ground that its domicile was within the jurisdiction of the court. The point taken was that it was not principally engaged in the manufacturing business within the meaning of section 4 of the Bankrupt Act as it then stood, because receivers had been appointed who had taken possession of the assets. The court held that the appointment of receivers did not prevent the corporation from being one principally engaged in manufacturing. The question did not arise under section 2 of the act, and the case does not seem to me a very pertinent authority in this proceeding. There are two recent cases in the United States Supreme Court not referred to by the referee, arising under the Corporation Tax Law, which provides that every corporation organized for profit and having a capital stock represented by shares, and engaged in business in any state, shall be subject to pay annually a special excise tax with respect to carrying on or doing business by such a corporation. These cases are Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428, and McCoach v. Minehill & S. H. R. Co., 228 U. S. 295, 33 Sup. Ct. 419, 57 L. Ed. 842, and in them the Supreme Court held that certain corporations, one a railroad company, which had made leases of their property, but which continued to have an office in which they collected rentals and attended to their investments, etc., were not engaged in business within the provisions of the act. I do not understand it to be claimed that the McNally Company has in fact done any business in the Southern district of New York since the receivers were appointed in 1909. The claim is that it had a principal place of business there. But, in my opinion, the mere fact that a certificate has been filed in some public office designating a place as the principal place of business of the corporation does not make it a place of business unless business is done there. There must not only be a place where business can be done, but business must be done there, in my opinion, in order that a corporation shall have had a principal place of business within the meaning of section 2 of the Bankrupt Act.

My conclusion is that the referee's report recommending the adjudication of the McNally Company should not be confirmed, and an order should be entered denying the petition for adjudication.