## MINCY v. DETROIT & CLEVELAND NAVIGATION CO.

United States District Court
S. D. New York.

July 7, 1950.

Benjamin B. Sterling, New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant.

NOONAN, District Judge.

This is an action by a seaman to recover damages for personal injuries under the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688, and to recover for maintenance and cure.

Defendant has moved this court to dismiss the cause of action brought pursuant to the Jones Act on the ground that the action violates the venue provisions of the Act, or in the alternative to transfer the action to the Eastern District of Michigan under the provisions of Sec. 1406(a), Title 28 U.S.C.A.

The Jones Act provides that "jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

Defendant is a corporation organized and existing under the laws of the State of Michigan and its principal office

is in Detroit, Michigan. However, it does maintain an office in this district. In Bagner v. Blidberg Rothchild Co., Inc., D.C., 84 F.Supp. 973, a case similar on the facts to the present one, it was held that the term "residence" as used in the Jones Act, was, by the enactment of Sec. 1391(c)[1], Title 28 U.S.C.A. expanded to include districts in which a corporation was licensed to do business or was doing business.

Defendant has not raised the question of whether its activities in this district are such as to constitute "doing business", nor are there facts before the court to so determine. Therefore, for the purposes of this motion, it is assumed that defendant is "doing business" in this district.

This court is of the opinion that the decision in the Bagner case is dispositive of this motion.

Therefore, defendant's motion is in all respects denied.

Gross, Blumberg, Mehler & Goldberger, Newark, N. J., for plaintiff.

Kein & Scotch, Union, N. J., for defendant.

1. "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."