## MINCY v. DETROIT & CLEVELAND NAV. CO.

United States District Court
S. D. New York.
Dec. 28, 1950.

Benjamin B. Sterling, New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant.

RYAN, District Judge.

Defendant moves pursuant to the provisions of Sec. 1404(a), 28 U.S.C.A. to transfer the within action for damages for personal injuries under the Jones Act, 46 U.S.C.A. § 688, to the Eastern District of Michigan, Southern Division. The denial of defendant's prior motion under Sec. 1406(a), 28 U.S.C.A. to dismiss the complaint, or, in the alternative, to transfer to the above-mentioned district, 94 F.Supp. 456, is, of course, not dispositive of the present motion.

Defendant is a domiciliary of Michigan. All the witnesses it proposes to produce on trial and all those familiar with the circumstances of this case, both as to liability and the extent of damage, reside in Michigan. All material records, "including logs and accident reports, the Marine

Hospital records," are there, as are the doctors of that hospital who treated plaintiff.

Plaintiff asserts in opposition to the motion that he is a resident of Poughkeepsie. Whether this residence is more than nominal is in doubt, but we need not decide that, since he concedes that he maintains a temporary residence in Detroit, and that on May 22 of this year he obtained a clearance slip in Detroit from the Seafarers Union Hall, and that he "usually ships out from Detroit." That plaintiff will not be personally inconvenienced by transferring this action is patent; nor, is the court disposed, in the absence of further detail, to give weight to plaintiff's flat assertion, unsupported by factual statement, that a particular witness, Creech, could be more conveniently brought to testify in New York.

Defendant's motion to transfer **is** granted.