**Thomas F. DRABIK, Petitioner,**

v.

**Honorable Thomas F. MURPHY, United States District Judge, Respondent.**

**Docket No. 24657.**

United States Court of Appeals Second Circuit.

Petition Argued June 3, 1957.

Decided June 17, 1957.

George J. Engelman, New York City, for petitioner.

Arthur M. Boal, New York City, for respondent.

Before HAND, LUMBARD and WATERMAN, Circuit Judges.

HAND, Circuit Judge.

■ This case comes up upon a petition by the plaintiff for a writ of mandamus or prohibition to review an order of Judge Murphy, transferring an action from the Southern District of New York to the Eastern District of Louisiana. The action was brought under section 688 of Title 46 U.S.C.A. (the Jones Act) for physical injuries, suffered by a seaman in the port of Ancona, Italy, upon one of the defendant's ships, alleged to have been unseaworthy. The plaintiff was brought to the Port of New York in another of the defendant's ships, and put in a hospital in Staten Island, New York,

from which he was later discharged and went back to New Orleans, which is his residence. The defendant is a Louisiana corporation, whose principal place of business is in New Orleans; and we pass without deciding the question whether the defendant could have dismissed the action under Fed.Rules Civ. Proc. Rule 12(b) (2), 28 U.S.C.A. on the ground that the District Court for the Southern District of New York had no "jurisdiction over the person," because an action under § 688 must be "under the court of the district in which the defendant employer resides or in which his principal office is located." We may do so, because, even though we were to hold, contrary to the decisions of four district judges,[1] that § 1391(c) of Title 28 U.S.C.A. does not allow the plaintiff in such actions to sue wherever the defendant "is doing business," the defendant in the case at bar waived that defense, when it filed its answer on December 28th without raising the point, Rule 12(h).

Nevertheless, we shall dismiss the petition for the following reasons. Judge Weinfeld denied the defendant's first motion for a transfer with the endorsement: "Motion denied without prejudice to renew on proper papers," and, acting upon this as an implied leave, the defendant on February 7th renewed its motion before Judge Murphy, who granted it by an endorsement on April 2nd, followed by a formal order on April 10th, directing the action to be transferred to the District Court for the Eastern District of Louisiana. This order was filed on April 11 in the office of the clerk of the Southern District of New York, who in compliance with the order mailed the papers to the clerk of the Eastern District of Louisiana on April 15th, where they arrived on April 18th. On the 17th the plaintiff, without applying for any stay, served upon the defendant a notice of motion for reargument, returnable on April 26, eight days

after the papers had been lodged in the office of the clerk of the District Court for the Eastern District of Louisiana. Thus, when that motion came on to be heard the District Court for the Southern District of New York had already lost all jurisdiction over the action because the transfer was then complete. This follows from what we said in our decision in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, where we sustained an appeal from an order granting a transfer taken before the papers had been lodged in the office of the clerk of the court to which the transfer had been made. As our reason for so treating the appeal we said (page 869): "if we dismiss the appeal and remand the case to the district court, it will be too late to grant a mandamus, for the cause has been already transferred. Nevertheless, if we should have had jurisdiction to issue the writ, had the plaintiff applied for it at the time when it appealed, we think that we ought to grant it now, ignoring what is at best only a matter of form." In Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777 the point of jurisdiction did not arise because the transfer had been denied.

Although service of the plaintiff's motion for reargument was made upon the defendant on April 17th, and this was before the papers had been lodged with the clerk of the District Court for the Eastern District of Louisiana, that did not stay the transfer, or preserve the jurisdiction of the District Court for the Southern District. If the plaintiff had moved seasonably for a stay, and the stay had been denied, his motion might conceivably have preserved his right, but he did not do so. Hence it follows that no relief remained open to him in the District Court for the Southern District of New York, when the case came before Judge Murphy on April 26th. What we said in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., supra, as to any relief open to him else-

---

1. Bagner v. Blidberg Rothchild Co., 84 F. Supp. 973; Bounds v. Streckfus Steamers, 89 F.Supp. 242; Mincy v. Detriot & Cleveland Nav. Co., 94 F.Supp. 456; Phillips v. Pope & Talbot, 102 F.Supp. 51.

where is not involved in this proceeding; it is enough that, whatever may be his relief, if any, the District Court for the Southern District of New York may not grant it.

Petition denied.