WEAR–EVER ALUMINUM, INC.,
Plaintiff,

v.

Stephen SIPOS, doing business under the firm name and style of Stevens-Shop-N-Save Center, Defendant.

United States District Court
S. D. New York.
June 2, 1960.

Randolph J. Seifert, New York City, for plaintiff.

Harold H. Boxer, New York City, for defendant.

MacMAHON, District Judge.

This is a motion under Rule 12(b), F.R.Civ.P., 28 U.S.C.A. to dismiss the complaint on the ground that the Court lacks jurisdiction over the subject matter because there is no diversity of citizenship and on the further ground that the Southern District of New York is the wrong venue.

The action seeks an injunction against, and damages for, defendant's alleged sales of plaintiff's products below prices established by fair trade agreements, in violation of the Fair Trade Laws of the State of New York (N.Y.General Business Law, McKinney's Consol.Laws, c. 20, § 369–(a)).

Plaintiff is a Delaware corporation, engaged in the business of distributing aluminum cooking utensils, with its principal place of business in New Kensington, Pennsylvania. It also has a place of business within the Southern District of New York and is authorized to do business in New York State.

Defendant is a citizen of New York State, residing within the Eastern District of New York where he conducts his business under an assumed name.

■ Where jurisdiction is grounded on diversity, a corporation is deemed "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" (28 U.S.C.A. § 1332(c)).

Defendant does not even question that plaintiff is a Delaware corporation with its principal place of business located in Pennsylvania. Rather, defendant contends that a corporation is also deemed to be a citizen of every State where it is authorized to do business and since plaintiff is authorized to do business in New York there is no diversity.

The matter of what constitutes a corporation's "principal place of business" was left open in the recent amendment to 28 U.S.C.A. § 1332. Guiding criteria to the question, however, are to be found in numerous decisions construing the same phrase in other statutes. Cf. The Bankruptcy Act, 11 U.S.C.A. § 11. Those decisions teach that the question is essentially one of fact to be determined upon the circumstances of each particular case. Chicago Bank of Commerce v. Carter, 8 Cir., 1932, 61 F.2d 986.

■ The test laid down in this Circuit is that the corporation's principal place of business is that place which actually functions as the nerve center of the enterprise radiating direction and control

over the conduct of the corporate business as a whole. Fada of New York, Inc. v. Organization Service Co., Inc., 2 Cir., 1942, 125 F.2d 120; In re Hudson River Nav. Corp., 2 Cir., 1932, 59 F.2d 971, 974; Scot Typewriter Co. v. Underwood Corp., D.C.S.D.N.Y.1959, 170 F. Supp. 862, 863.

■ Clearly, therefore, under the recognized criteria, the mere fact that a foreign corporation has a place of business in a State where it is qualified to do business is not sufficient to make that location its principal place of business. Cf. In re Thomas McNally Co., D.C.S.D. N.Y.1913, 208 F. 291, 293.

Thus, defendant has failed to show any affirmative facts to refute plaintiff's assertion that it is a Delaware corporation having its principal place of business in Pennsylvania. Jurisdiction, therefore, is well grounded on diversity of citizenship.

■ Nor is there any merit in defendant's contention that venue is improper. There is no dispute that plaintiff is both qualified and is doing business within the Southern District of New York.

Numerous cases have held that under 28 U.S.C.A. § 1391(c)* a district where a corporation is qualified to do business, or is doing business, is the proper venue for an action either by or against the corporation. Southern Paperboard Corp. v. United States, D.C.S.D.N.Y.1955, 127 F.Supp. 649; Ralston Purina Co. v. United States, D.C.E.D.La.1952, A.M.C. 1496; Hadden v. Barrow, Wade, Guthrie & Co., D.C.N.D.Ohio 1952, 105 F.Supp. 530; Phillips v. Pope & Talbot, Inc., D.C.S.D. N.Y.1952, 102 F.Supp. 51; Mincy v. Detroit & Cleveland Navigation Co., D.C. S.D.N.Y.1950, 94 F.Supp. 456; Bagner v. Blidberg Rothchild Co., Inc., D.C.E.D. Pa.1949, 84 F.Supp. 973; Freiday v. Cowdin, D.C.S.D.N.Y.1949, 83 F.Supp. 516.

Accordingly, the motion to dismiss is denied. So ordered.

* " *  *  * A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or

is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."