**David C. PENDLETON**

v.

**ARMORTEC, INC. and Nicolon Corporation.**

**Civ. A. No. 89–320–B.**

United States District Court,
M.D. Louisiana.

Dec. 19, 1989.

ryland, a jet ski, and a 1987 Nissan automobile.

Roy H. Maughan, Jr., Maughan, Atkinson & Martin, Ltd., Baton Rouge, La., for plaintiff.

Steve C. Thompson, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., and Paul A. Raney, Kilpatrick & Cody, Atlanta, Ga., for defendants.

### RULING ON PLAINTIFF'S MOTION TO RECONSIDER AND VACATE

POLOZOLA, District Judge.

Plaintiff seeks to have the Court reconsider and vacate its prior order granting the defendant's motion to transfer venue to the United States District Court for the Northern District of Georgia. For the reasons set forth below, the Court finds that this motion should be DENIED.

This suit was originally filed in state court by David C. Pendleton against Armortec, Inc. and Nicolon Corporation. Pendleton seeks to recover sales commissions which he alleges are owed to him by these corporations. The defendants timely removed the suit to this Court pursuant to 28 U.S.C. § 1441. After the suit was removed, the defendants filed a motion to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division. For written reasons assigned,[1] this Court granted the defendant's motion to transfer on October 12, 1989. The Clerk of Court for the Middle District of Louisiana transmitted the record in this case to the United States District Court for the Northern District of Georgia on October 20, 1989 as civil action 1:89-cv-2430-RHH. Before the suit was filed and docketed in the Northern District of Georgia, the plaintiff filed this motion for reconsideration on October 23, 1989. Plaintiff noticed the motion for hearing on January 19, 1990.

The questions to be addressed by this Court are: (1) does this Court still have jurisdiction to rule on the motion for reconsideration; and, (2) if this Court does have jurisdiction, was the original ruling to transfer this action to Georgia proper.

The first issue the Court must determine is whether it has jurisdiction to consider the motion. Specifically, the issue before the Court is whether the transfer of this case to the Northern District of Georgia before the plaintiff filed his motion for reconsideration divested the Court of jurisdiction. A similar issue was decided by the Fifth Circuit Court of Appeals in *In re Southwestern Mobile Homes, Inc.,* 317 F.2d 65 (5th Cir.1963). In *In re Southwestern Mobile Homes, Inc.,* a federal district judge in Texas ordered the action transferred to the United States District Court for the District of Colorado on March 18. On March 20, the District of Colorado received and docketed the action. Two days later, on March 22, the plaintiff filed a motion for leave to file a petition for mandamus. The Fifth Circuit concluded that the United States District Court in Texas was divested of jurisdiction in this case since the party opposing the transfer did not move to stay the Court's ruling in order to seek review or appeal. Because the transfer was completed prior to any stay order being issued the United States District Court in Texas did not have jurisdiction to reconsider its order transferring the case to Colorado. The Fifth Circuit relied on *Drabik v. Murphy,* 246 F.2d 408 (2nd Cir.1957) to support its decision. The facts in *Drabik* involve the exact scenario that occurred procedurally in this matter. In *Drabik,* a judge in the Southern District of New York ordered an action transferred to the Eastern District of Louisiana on April 10. The order was filed in the office of the Clerk of the Southern District of New York on October 11, who, in compliance to the Court's order, mailed the record to Louisiana on April 15. The record arrived in the Eastern District of Louisiana on April 18, 1989. On April 17, without seeking a motion to stay the proceedings, plaintiff served a notice for reargument on the defendant, which was "returnable" on April 26, eight days after the papers had been lodged in the Eastern District of Louisiana. Thus, when the motion for reconsideration came up on hearing, the district court in New York "had

---

1. A copy of the Court's ruling on October 12, 1989 is attached as an appendix to this opinion.

already lost all jurisdiction over the action since the transfer was then complete."[2] The court stated:[3]

> Although service of the plaintiff's motion for reargument was made upon the defendant on April 17th, and this was before the papers had been lodged with the clerk of the District Court for the Eastern District of Louisiana, that did not stay the transfer, or preserve the jurisdiction of the District Court for the Southern District. If the plaintiff had moved seasonably for a stay, and the stay had been denied, his motion might conceivably have preserved his right, but he did not do so. Hence it follows that no relief remained open to him in the District Court for the Southern District of New York, when the case came before Judge Murphy on April 26th.

 In the case now before this Court, Pendleton did not file a motion to stay this Court's ruling which ordered the case transferred to Georgia. Plaintiff merely filed a motion for reconsideration which was filed *after* the Clerk of this Court had transmitted the record to the Northern District of Georgia. Furthermore, plaintiff noticed his motion for reconsideration for hearing after the record had been filed in the Northern District of Georgia. Plaintiff cites no authority that his motion for reconsideration filed after the record had been transmitted to Georgia automatically stayed the Court's order. Thus, the Court finds plaintiff's motion for reconsideration did not stay the transfer of his case as required in *In re Southwestern Mobile Homes, Inc.* and *Drabik*. Since this Court had already lost jurisdiction over this matter before the hearing date set for plaintiff's motion, the Court cannot consider plaintiff's motion for reconsideration.

Even if this Court did have jurisdiction to rule on the plaintiff's motion for reconsideration, the Court finds that plaintiff's motion for reconsideration should be DENIED. The Court thoroughly considered the relevant factors set forth in 28 U.S.C. § 1404 and *Gulf Oil Corp. v. Gilbert*, 330

U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) including the location of the witnesses and documents, the burden of the witnesses, availability of compulsory process, and the applicable law to be applied to this dispute. The Court finds that its prior ruling which granted the defendant's motion to transfer venue to the United States District Court for the Northern District of Georgia was correct and proper under the facts of this case.

Therefore:

IT IS ORDERED that plaintiff's motion for reconsideration be dismissed because the Court has no jurisdiction to consider the motion.

IT IS FURTHER ORDERED, in the alternative, that plaintiff's motion for reconsideration be denied for the reasons set forth in the Court's original opinion.

## APPENDIX

### RULING ON DEFENDANTS' MOTION TO TRANSFER VENUE

Armortec, Inc. and Nicolon Corporation have filed a motion to transfer venue to the United States District Court for the Northern District of Georgia. Defendants contend that for the convenience of parties and witnesses and the interest of justice, a change of venue should be ordered by the Court. For reasons which follow, the Court finds that the defendants' motion to transfer venue should be granted.

This suit was originally filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The suit was timely removed to this Court. Plaintiff seeks to recover approximately $52,000 in commissions allegedly owed to him by the defendants. A review of the record reveals that the plaintiff currently resides in Brandon, Florida and that the defendants have their principal places of business in Georgia. Under 28 U.S.C. § 1404(a), the Court may consider the convenience of the parties and witnesses and the interest of justice in determining

---

2. *Drabik,* 246 F.2d at 409.

3. *Id.* at 409. See, also: *Blankenship v. Allis–Chalmers Corp.,* 460 F.Supp. 37 (N.D.Miss.1978).

**498**

whether to transfer a suit to another court. The Court must also apply the standards set forth by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

It is clear that this action could have been brought in the Northern District of Georgia. It is also clear that the Court must review the location of witnesses and documents, the relative expense and burdensomeness of witness travel or document transport to and from the alternate forum, the availability of compulsory process for attendance of witnesses, and the law which must be applied by the Court in resolving the issues in this case. Both parties have presented arguments in support of their claims that the suit should be tried either in Louisiana, as plaintiff contends, or in Georgia, as defendants contend. For example, the plaintiff contends that the purchasers of the products which were sold reside in Louisiana, some of the witnesses who will be called to establish plaintiff's efforts to earn a commission reside in Louisiana, and the expense of litigating in Georgia would be greater for him than for a corporate defendant litigating in Louisiana. The defendants, however, contend that Georgia is the proper forum to litigate this matter because the defendants have their principal places of business in Atlanta, the documents relating to the transaction are in Georgia, witnesses who can speak on the plaintiff's role in making the sale and his relationship to the company reside in Georgia, all records of payments to the plaintiff are in Georgia, plaintiff's travel to Georgia from his home in Florida would be closer than his travel to Louisiana, and the written agreement between the plaintiff and the defendant under which the plaintiff claims a commission earned provides that Georgia law must be applied in resolving the terms of the agreement. Because Georgia is applicable herein, the Court finds that Georgia is a more appropriate forum to consider and determine Georgia law than a court sitting in Louisiana. Thus, the Court finds that defendants' motion to transfer venue to Georgia should be granted.

Therefore:

IT IS ORDERED that this suit be transferred to the United States District Court for the Northern District of Georgia.

Baton Rouge, Louisiana, October 12, 1989.