**PPG INDUSTRIES, INC., Plaintiff,**

v.

**WEBSTER AUTO PARTS, INC.,
Anthony Puleo, and Patricia
Puleo, Defendants.**

**Civ. A. No. 93–40203–NMG.**

United States District Court,
D. Massachusetts.

April 8, 1994.

Paul F. Vozella, Melia & Osol, Worcester, MA, for plaintiff.

John C. Sikorski, Kimberly D. Crear, Robinson, Donovan, Madden & Barry, P.C., Springfield, MA, for Webster Auto Parts, Anthony and Patricia Puleo.

Paul F. Vozella, Melia & Osol, Worcester, MA, for PPG Industries, Inc.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court are several motions filed by plaintiff on February 10, 1994, for reconsideration of this Court's Order granting defendants' motion for transfer of venue, denying plaintiff's motion for real-estate attachment and denying plaintiff's motion for preliminary injunction. Also pending is defendants' motion to strike plaintiff's motions. Because this Court lost jurisdiction over this matter when the order of transfer was executed and the case record was forwarded to the transferee court, defendants' motion to strike is allowed and plaintiff's motions must be dismissed.

## I. PROCEDURAL BACKGROUND

This action was removed to this Court on November 18, 1993. Thereafter, plaintiff filed motions for preliminary injunction and for attachment of real estate and defendants moved for transfer of venue to the District of Connecticut. This Court denied plaintiff's motions and, on January 27, 1994, granted defendants' motion to transfer venue, pursuant to 28 U.S.C. § 1404(a). On February 1, 1994, this Court entered an Order for Transfer and forwarded the case record to the District of Connecticut. Receipt from the District of Connecticut for the transfer of the case was filed on February 7, 1994. Not until February 10, 1994, after the transfer order was executed and the case record was forwarded to and received by the District of Connecticut, did plaintiff file its motion for reconsideration. Defendants filed an opposition to plaintiff's motions in the District of Connecticut on February 18, 1994.

## II. DISTRICT COURT JURISDICTION

In *In re Spillane*, 884 F.2d 642, 645–46 (1st Cir.1989), the United States Court of Appeals for the First Circuit, acknowledged that the general rule has been that a district court ordering a transfer loses jurisdiction once the order has been executed by forwarding the record[1]. *See, Drabik v. Murphy*, 246 F.2d 408 (2nd Cir.1957) (transferee court's receipt of records ends jurisdiction of transferor court to reconsider); *Fisher v. United Airlines, Inc.*, 218 F.Supp. 223 (S.D.N.Y.1963); *Wilson v. Ohio River Company*, 236 F.Supp. 96, 98 (S.D.W.Va.1964), citing, *Drabik, supra* (It is the general rule that once a motion to transfer has been granted and the papers lodged with the transferee court, the transferor loses all jurisdiction over the case); *Pendelton v. Armortec, Inc.*, 729 F.Supp. 495, 496–97 (M.D.La. 1989); *Database America, Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F.Supp. 1216, 1221 (D.N.J.1993) (the rule is well-established that a transferor court loses jurisdiction to reconsider its order for transfer once the records in the transferred action are physically transferred to and received by the transferee court).

In *Drabik*, the United States Court of Appeals for the Second Circuit explained that:

> when th[e] motion [for reconsideration] came to be heard, the [transferor court] had already lost jurisdiction of the action because the transfer was then complete.... If the plaintiff had moved seasonably for a stay, and the stay had been denied, his motion might conceivably have preserved his right, but he did not do so. Hence it follows, that no relief remained open to him in the [transferor court].

246 F.2d at 409. In this case, the order of transfer was entered, the case file was sent to the District of Connecticut, a return receipt card (indicating receipt by the District of Connecticut of the case file) was received by this Court, and the case was docketed and assigned to the Honorable T.F. Gilroy Daly of the District of Connecticut, all prior to the filing of plaintiff's motion for reconsideration. Given these facts, and because plaintiff did

1. In *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 365 n. 4, 86 S.Ct. 522, 524 n. 4, 15 L.Ed.2d 416 (1966), *reh'g denied*, 383 U.S. 939, 86 S.Ct. 1062, 15 L.Ed. 857 (1966), the Supreme Court suggested that the transferor court might lose jurisdiction even before physical transfer of the record. Later cases interpreting *Koehring*, however, have limited its application to "extraordinary" situations, not relevant to the case at bar. *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1517 n. 5 (10th Cir.1991); *Robbins v. Pocket Beverage Co.*, 779 F.2d 351, 355 (7th Cir. 1985).

**10**

not request a stay of the transfer order for the purpose of filing its motions for reconsideration or an appeal, this Court has no jurisdiction to reconsider the plaintiff's motions.

### ORDER

For the foregoing reasons, defendants' motion to strike is **ALLOWED** and plaintiff's motions for reconsideration are **DISMISSED.**

So ordered.