In re Laureen WARRICK, Petitioner.

Laureen WARRICK, Plaintiff,

v.

GENERAL ELECTRIC COMPANY; RCA Corporation; Retirement Plan for the Employees of RCA Corporation and Subsidiary Companies and GE Pension Plan, Defendants–Respondents.

Docket 95–3079.

United States Court of Appeals, Second Circuit.

Submitted Oct. 31, 1995.

Decided Nov. 22, 1995.

Lawrence H. Lissitzyn, Hartford, CT (Reid & Riege, P.C., Hartford, CT); Norman Zolot, Woodbridge, CT, for Plaintiff–Petitioner.

Bonnie Pierson–Murphy, Stamford, CT (Paul, Hastings, Janofsky & Walker, Stamford, CT); Mark S. Dichter, Philadelphia, PA (Morgan, Lewis & Bockius, Philadelphia, PA), for Defendants–Respondents.

Before: VAN GRAAFEILAND, McLAUGHLIN and JACOBS, Circuit Judges.

PER CURIAM:

The United States District Court for the District of Connecticut (Dorsey, C.J.) has transferred this action to the United States District Court for the Middle District of Pennsylvania for the sole stated reason that transfer would serve judicial efficiency. Judicial efficiency would be achieved because, at the time of the September 26, 1995 transfer, a previous case presenting the same complex facts and issues had been decided and dismissed in the Middle District, and the dismissal had been affirmed by the Third Circuit. The effect of the transfer was therefore to foreclose consideration of the case for reasons having nothing to do with "the convenience of the parties and witnesses" within the meaning of 28 U.S.C. § 1404(a).

Laureen Warrick, individually and as the representative of a putative class, petitions this Court, pursuant to Fed.R.App.P. 21, for a writ of mandamus "prohibit[ing]" the transfer, and for a stay of the transfer order pending disposition by this Court of her mandamus petition. We lack power to prevent or reverse the transfer, because the case was received by the Middle District prior to any application by Warrick for a stay of the transfer order in the district court. However, since Warrick learned of the transfer order at or about the time that the case was actually received in the Middle District, and therefore had no opportunity to move seasonably for a stay, we will issue mandamus directing the district court to request return of the case from the Clerk of the Middle District. In so doing, we recognize that we have no power to compel the Pennsylvania court to comply with the request.

### Background

Warrick, a long-term employee of RCA Corporation ("RCA"), made contributions to a defined benefit pension plan sponsored and administered by RCA for its employees (the "RCA Plan"). *Warrick v. General Elec. Co.*, No. 94–CV–2213, slip op. at 1 (D.Conn. Sept. 26, 1995). In 1986, RCA became a wholly-owned subsidiary of General Electric Company ("GE"), which had sponsored and administered its own plan, the GE Plan. On January 1, 1989, GE merged the RCA Plan into the GE Plan, and former RCA Plan participants such as Warrick became participants in the GE Plan.

On January 3, 1995, Warrick filed a complaint in the District of Connecticut, individually and on behalf of a putative class,[1] against GE, RCA, and their defined benefit pension plans, alleging that the merger of the RCA Plan into the GE Plan violated Sections 208 and 4044(d)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1058, 1344(d)(3) (1985 & Supp. 1995). Warrick alleged that, pursuant to these statutory provisions, she and the members of the putative class were entitled to immediately receive benefits consisting of a portion of the $1.3 billion of residual assets in the RCA Plan as of the date of the merger. *See* Complaint at 4–7.

The defendants moved on February 2, 1995 for an order transferring Warrick's action to Pennsylvania pursuant to 28 U.S.C. § 1404(a) (1993). In support of their motion, the defendants did not claim that the transfer would serve "the convenience of the parties and witnesses," *id.* § 1404(a). Instead, they urged that transfer would serve "judicial economy," because the Middle District of Pennsylvania had previously dismissed an action by individuals seeking essentially identical relief as a result of GE's merger of the RCA Plan into the GE Plan, and the Third Circuit had affirmed the Middle District's

---

1. This putative class consisted of "thousands of persons including [Warrick] who made employee contributions to the RCA Plan, and hundreds or thousands who withdrew employee contributions before December 31, 1988." Complaint at 4. No determination has been made, pursuant to Fed.R.Civ.P. 23(c), as to whether Warrick's action is maintainable as a class action.

dismissal for failure of the complaint to state a claim. *See Malia v. General Elec. Co.*, 23 F.3d 828, 829–30, 833 (3d Cir.), *aff'g* No. 91–CV–1743, 1992 WL 672267 (M.D.Pa. Aug. 10, 1992), *cert. denied*, —— U.S. ——, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994).[2]

Warrick opposed the transfer motion on the ground, *inter alia,* that the requested transfer would disserve "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), because GE, its records and the plan trustees were found in Connecticut.[3]

On September 26, 1995, the district court entered an order granting the respondents' motion to transfer Warrick's action to the Middle District of Pennsylvania. Chief Judge Dorsey held:

> The present action presents the same complex facts and ERISA issues that were previously addressed in the Middle District of Pennsylvania [in *Malia* ]..... Transferring this action to the Middle District of Pennsylvania would promote judicial efficiency, as that tribunal has previously addressed the facts and questions of this case. In the present action, such a strong case of judicial economy outweighs any factors that may counsel against this motion. Accordingly, defendants' motion to transfer venue should be granted.

*Warrick,* No. 94–CV–2213, slip op. at 3–4.

On September 27, 1995, the Clerk of the District of Connecticut sent the original district court record to the Clerk of the Middle District of Pennsylvania, together with certified copies of the docket sheet and the September 26 order. Letter from the Clerk of the District of Connecticut to the Clerk of the Middle District of Pennsylvania (Sept. 27, 1995). The Clerk of the Middle District of Pennsylvania advises that she received these papers on October 2, 1995. Warrick was notified on October 2, 1995, at the earliest, that the Clerk of the District of Connecticut had sent the action's papers to the Clerk of the Middle District of Pennsylvania. *See* Answer of Resp'ts at 15 ("On October 2, 1995, ... the parties were advised by the Deputy Clerk of the Middle District of Pennsylvania that the case had been received ... there"). *Compare* Letter from P. Sanchuk, Deputy Clerk of the Middle District of Pennsylvania (October 2, 1995) (no recipient named) (stating that "[t]he case is being transferred ... to the Middle District of Pennsylvania").

On October 6, 1995, Warrick filed an application in the District of Connecticut for permission to appeal Chief Judge Dorsey's September 26 order, pursuant to 28 U.S.C. § 1292(b) (1993), together with a motion to stay the September 26 order pending this Court's proceedings. It does not appear from the docket sheet that the district court has ruled on Warrick's application for permission to appeal her motion for a stay.

On October 16, 1995, Warrick filed the instant petition for a writ of mandamus, pursuant to Fed.R.App.P. 21, prohibiting the transfer. The motion for a stay was filed in this Court on the same day. The mandamus petition and the stay motion were set for submission to this Court on October 24, 1995. That day, the Clerk of this Court issued an order directing the respondents to file an answer to the petition by October 30, 1995. The petition and motion were reset for submission on October 31, 1995. The respondents timely filed an answer to the manda-

---

**2.** The Third Circuit held that "§§ 208 and 4044(d)(3) [of ERISA, 29 U.S.C. §§ 1058, 1344(d)(3) ] cannot be combined to provide [defined benefit] plan participants with a right to residual assets in the context of a plan merger. The district court correctly granted appellees' [Rule 12(b)(6) ] motion to dismiss on this claim." *Malia,* 23 F.3d at 833; *see also Borst v. Chevron Corp.,* 36 F.3d 1308, 1316 (5th Cir.1994) ("Nothing in ERISA ... mandates a distribution of any surplus assets on a partial termination [of a defined benefit pension plan]...."), *cert. denied,* —— U.S. ——, 115 S.Ct. 1699, 131 L.Ed.2d 561 (1995).

**3.** GE's principal place of business is in Fairfield, Connecticut; the text of the GE Plan may be reviewed at this location. The accounting firm that audited the statements of net assets of the GE Plan for the financial years of 1988 and 1989 maintains its place of business in Stamford, Connecticut. All five trustees of the GE Plan are employed at GE's office in Fairfield, Connecticut; service of process may be made on the GE Plan at this office.

Warrick resides in Johnson City, New York. *See* Complaint at 1.

mus petition; the district court did not file an answer. *See* 2nd Cir.R. 21(a).

## *Discussion*

### I. Jurisdiction

■ The respondents suggest that the receipt by the Middle District of Pennsylvania of the original district court record requires this Court to deny Warrick's mandamus petition. In *Drabik v. Murphy*, 246 F.2d 408, 408–10 (2d Cir.1957) (L. Hand, J.), this Court held that it will not grant a petition for a writ of mandamus to reverse an order transferring an action to a federal district court within another circuit, unless the petitioner has acted, prior to receipt of the action's papers by the clerk of the transferee court, to file the petition for the writ or a motion in the transferor court to stay the order. The Court said in *Drabik:* "If the [petitioner] had moved seasonably for a stay [of the transfer order], and the stay had been denied, his motion might conceivably have preserved his right [to petition for a writ of mandamus], but he did not do so." 246 F.2d at 409; *see Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 867–70 (2d Cir.1950). We explained in *Farrell v. Wyatt*, 408 F.2d 662 (2d Cir.1969), that "the clerk's physical transfer of the file [does not] destroy[ ] our jurisdiction" where, as in that case, the petitioner contends that the transferor court lacked power to issue the order of transfer; but that, "were the issue before us abuse of discretion" in ordering the transfer, the petitioners' failure to move for a stay in the district court "would at the very least weigh most heavily with us in deciding whether to consider the [mandamus petition]." 408 F.2d at 664; *see also* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3846, at 357–58 (1986) (in general, "[w]hen a motion for transfer under 28 U.S.C.A. § 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, the transferor court—and the appellate court that has juris-

diction over it—lose all jurisdiction over the case and may not proceed further with regard to it.").

Warrick does not contend that the district court lacked power to transfer her action to the Middle District of Pennsylvania; that is, Warrick does not deny that the Middle District of Pennsylvania is a district in which the action "might have been brought." 28 U.S.C. § 1404; *see Van Dusen v. Barrack*, 376 U.S. 612, 616, 619–20, 623–24, 84 S.Ct. 805, 808, 810–11, 812–13, 11 L.Ed.2d 945 (1964). Rather, Warrick contends that the district court's transfer order constituted a clear abuse of discretion. The problem is that Warrick moved for a stay in the district court and petitioned in this Court for a writ of mandamus on October 6, 1995—four days after the October 2, 1995 receipt of the case by the Clerk of the Middle District of Pennsylvania. We conclude that this Court may issue a writ of mandamus nonetheless, albeit one of limited reach.

■ The court rules of the District of Connecticut provide that, "[i]n a case ordered transferred to another District Court ... the Clerk shall," absent filing of a motion for reconsideration, mail the papers on file in the case "on the *eleventh* day following the order of transfer...." D.Conn.R.Civ.P. 18 (emphasis added). The Clerk, however, dispatched the file the day after the transfer order, ten days early. The Clerk's dispatch of the case thus frustrated the opportunity that the rule affords an aggrieved party to seek a stay of a transfer order, and to seek a writ of mandamus reversing the transfer order. *See Roofing & Sheet Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 988 n. 10 (11th Cir.1982); 15 Wright, Miller & Cooper, *supra*, § 3846, at 357. If the Clerk of the District of Connecticut had observed the rules of the court, the petitioner's filings on October 6, 1995 would have been early enough to preserve our power to issue mandamus reversing the transfer.[4] The rule in *Drabik*, which requires prompt action by the petitioner, does not justify the denial of all

4. This is so because, had the district court clerk, in accordance with Rule 18, mailed the action's papers in Connecticut on October 7, 1995, the Clerk of the Middle District of Pennsylvania probably would have received them on or about October 12, 1995. Thus, Warrick filed her stay motion in the district court, and her mandamus petition, approximately *six days in advance* of what, but for the district court clerk's unauthorized action, would have been the date required to preserve mandamus review.

relief in these circumstances. Otherwise, whenever, as here, "the district court acted hastily in transferring the case['s papers]," a "diligent" petitioner such as Warrick would be "preclud[ed] ... from seeking mandamus in [this Court]." *See NBS Imaging Sys. v. United States Dist. Court for the Eastern Dist. of Cal.,* 841 F.2d 297, 298 (9th Cir.1988). This Court's need to "protect[ ] ... [its] jurisdiction," *Varsic v. United States Dist. Court for the Cent. Dist. of Cal.,* 607 F.2d 245, 251 n. 5 (9th Cir.1979); *cf. Michael v. Immigration and Naturalization Serv.,* 48 F.3d 657, 664 (2d Cir.1995), justifies the rule that when the transferred case has been docketed in the transferee court despite the petitioner's diligence, this Court can "order[ ] a district court in this circuit to request the transferee court to return the case." *NBS Imaging Sys.,* 841 F.2d at 298; *accord* 15 Wright Miller & Cooper, *supra,* § 3846, at 358; *see In re Nine Mile Ltd.,* 673 F.2d 242, 243–44 (8th Cir.1982) (per curiam) (granting such an order); *Fine v. McGuire,* 433 F.2d 499, 500 n. 1 (D.C.Cir.1970) (per curiam) (noting that panel had successfully requested such return).

## II. Merits

 A court of appeals will issue a writ of mandamus to correct a district court's disposition of a section 1404 transfer motion for a clear abuse of discretion. *See, e.g., Application of Amarnick,* 558 F.2d 110, 112–13 (2d Cir.1977); *Pfizer, Inc. v. Lord,* 447 F.2d 122, 125 (2d Cir.1971) (per curiam); *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 443–45 (2d Cir.1966). It may be that this Court has not previously issued such a writ. We conclude, however, that the transfer order in this case constituted a clear abuse of discretion, and that a writ of mandamus is appropriate.

Citing the "interest of justice" clause of section 1404(a), the district court granted the transfer motion on the ground that it would serve "judicial economy." This finding is unarguable as far as it goes, but it is not alone sufficient in this case. *See In re Scott,* 709 F.2d 717, 721 (D.C.Cir.1983) (per curiam) ("Inconvenience to the court is a relevant factor but, standing alone, it should not carry the day")[5]; *Pfizer, Inc.,* 447 F.2d at 125 (although under the "unusual circumstances" of the case there was no abuse of discretion, "the convenience of the judge is ... not normally a factor to be weighed in considering a section 1404(a) motion").[6] At the time of the district court's transfer order, the *Malia* action had reached final judgment, and all appeals from that judgment had been exhausted. Because *Malia* was no longer pending, transfer did not allow for consolidation, or enable the respondents to defend in the same forum against all actions arising from the same transaction. *Compare Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978) (no abuse of discretion in denying transfer from forum A to forum B where, among other considerations, two other actions by non-movant presenting identical legal issue were pending in forum A), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The transfer order therefore effected a short-circuit that would bring about dismissal of the claim without consideration by anyone.

 Like the district court in *Scott,* the district court here failed to consider, as 28 U.S.C. § 1404(a) requires, "the convenience of parties and witnesses." § 1404(a). In two respects, this statutorily mandated consideration weighed heavily against transfer of Warrick's action from Connecticut to

---

5. In *Scott,* the district court ordered the petitioner's case transferred because, in the district court's words, "the 'very large number of forma pauperis cases ... filed [in this Circuit] by prisoners from all over the country ... are a considerable burden on the Judges of the District Court ...'" *Scott,* 709 F.2d at 719 (alteration in original).

6. "Judicial efficiency" may not weigh all that heavily in favor of transferring Warrick's action. As Warrick explained in her memorandum in opposition to the motion for transfer, the case of *Flanigan v. General Elec. Co.,* No. 93–CV–516

(D.Conn. filed Mar. 12, 1993), was then pending in the District of Connecticut; in *Flanigan,* the plaintiffs alleged that GE's 1992 transfer of certain GE Plan assets to the Martin Marietta Corporation violated several provisions of ERISA. *See* Petitioner's App., Record, at 80–82, 97–139. Since another ERISA case involving the same employee benefits plan and one of the same defendants was pending in the Connecticut district court, that court may have been better versed in the facts and legal issues surrounding Warrick's action than the Chief Judge assumed.

Pennsylvania. First, Warrick's choice of venue was "entitled to substantial consideration."[7] *A. Olinick & Sons,* 365 F.2d at 444. Second, proceeding in Connecticut would facilitate the parties' access to the testimony of the trustees of the GE Plan and of the members of the accounting firm that audited the Plan during the merger, as well as to the documents that comprise and illuminate the Plan itself.

### Conclusion

For the foregoing reasons, we direct Chief Judge Dorsey to ask the Clerk of the Middle District of Pennsylvania to return the record in Warrick's action to the District of Connecticut. Warrick's motion for a stay pending disposition of the petition is denied as moot.

---

**7.** It is true, as the respondents assert, *see* Resp. of Resp'ts at 9 n. 4, that the plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action. *See Shulof v. Westinghouse Elec. Corp.,* 402 F.Supp. 1262, 1263 (S.D.N.Y.1975). However, the putative class members are or were all employees of RCA, the RCA Plan has been merged into the GE Plan, and GE's principal place of business is located in Warrick's chosen forum (Connecticut). It is thus reasonable to assume that a disproportionate share of the putative class members reside in Warrick's chosen forum, and, accordingly, that denial of the motion for transfer would serve the convenience of the same disproportionate share.