**LOTHIAN CASSIDY, LLC, and Israel Grossman, Plaintiffs,**

v.

**LOTHIAN EXPLORATION & DEVELOPMENT II, L.P., et al., Defendants.**

No. 12 Civ. 710(VM).

United States District Court, S.D. New York.

Signed Feb. 20, 2015.

Avinoam Yackov Rosenfeld, The Rosenfeld Law Office, Steven C. Berkowitz, Steven Berkowitz Attorney at Law, Brooklyn, NY, for Plaintiffs.

Ira Lawrence Herman, Robert L. Paddock, Gabrielle Elise Farina, Thompson & Knight, LLP, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Lothian Cassidy, LLC and Israel Grossman ("Grossman," and collectively, "Plaintiffs") filed an Amended Verified Complaint (the "Amended Verified Complaint") in New York State Supreme Court, New York County (the "State Court"), Index No. 600586/2009, against Lothian Exploration & Development II, L.P. ("LEAD II"), Lothian Energy PLC, Michael Raleigh, Paul B. Loyd, Jr., Belridge Energy Advisors, L.P., Peninsula Catalyst Fund (QP) L.P., JVL Global Energy, L.P., JVL Global Energy (QP) L.P., Navitas Fund, L.P., and Nawab Energy Partners, L.P. ("Nawab," and collectively, "Defendants"). LEAD II and Lothian Energy PLC excluded, the remaining defendants (collectively, the "Belridge Group,") removed the action to this court pursuant to 28 U.S.C. §§ 1334, 1446, and 1452. (Dkt. No. 1.) Plaintiffs moved to remand to the State Court (Dkt. No. 28), while the Belridge Group moved for the matter to be transferred to the United States District Court for the Western District of Texas (the "Texas Court"). (See Dkt. Nos. 9, 31.) In a Decision and Order dated January 28, 2013 (the "January 28 Order"), this Court denied Plaintiffs' motion to remand to the State Court and granted the Belridge Group's motion to transfer this action to the Texas Court (the "Transfer Order"). (See Dkt. No. 35.) The Court denied the Plaintiffs' subsequent motion for reconsideration. (See Dkt. No. 44.) The Second Circuit dismissed Plaintiff's appeal of the January 28 Order (Dkt. No. 49) and the case was transferred to the Texas Court in December of 2013. (See Dkt. Minute Entries dated December 20, 2013 and December 26, 2013.)

On January 30, 2015, Plaintiffs made another motion to this Court requesting reconsideration of the January 28 Order or alternatively certification for interlocutory appeal. (See Dkt. Nos. 51, 52.) The Belridge Group opposed the motion on February 4, 2015 (Dkt. No. 53) and the Plaintiffs replied on February 11, 2015 ("Pl. Reply"). (Dkt. No. 55.) The Court held a telephone conference between the parties on February 5, 2015 to discuss the motion. (See Dkt. Minute Entry for February 5, 2015.)

Upon consideration of the parties' submissions and arguments, the Court **DENIES** Plaintiffs' motion for reconsideration of the January 28 Order and alternatively for certification for interlocutory appeal.

## I. BACKGROUND

This matter has a complicated factual background that this Court laid out in the January 28 Order. (See Dkt. No. 35.) The Court will assume familiarity with the background as stated there.

## II. DISCUSSION

### A. Legal Standard

When a district court transfers a case to another district court, the transfer-

or court loses its jurisdiction over the case once the files are physically transferred to the receiving court. *See Drabik v. Murphy,* 246 F.2d 408 (2d Cir.1957); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3846 (3d ed. 2008) ("When a motion for transfer ... has been granted, and the papers lodged with the clerk of the transferee court, it is well settled that the transferor court ... loses all jurisdiction over the case and may not proceed further with regard to it.").

However, if the order transferring the action is void, then the transferor court retains its jurisdiction. *See Farrell v. Wyatt,* 408 F.2d 662 (2d Cir.1969). Therefore the question of whether a transferor court can reconsider a transfer order that has already been effectuated turns on whether that order is void.

### B. *Application*

This Court lost its jurisdiction over this matter when it ordered the case transferred to the Texas Court and the case files were physically transferred. (*See* Dkt. Minute Entries dated December 20, 2013 and December 26, 2013.)

Plaintiffs contend that this Court's Transfer Order was void, and that it therefore continues to have jurisdiction over the case to rescind the transfer and adjudicate the merits of the underlying dispute.

Plaintiffs' argument that the Transfer Order is void rests on the theory that the transfer "effectuated a significant and substantial change in law." (Pl. Reply 5.) This case was transferred pursuant to 28 U.S.C. § 1412, for which a court considers the same factors as for a transfer pursuant to 28 U.S.C. § 1404(a). *See Official Comm. of Asbestos Claimants of G–I Holding, Inc. v. Heyman,* 306 B.R. 746, 749 (S.D.N.Y.2004); *see also McHale v. Citibank, N.A.,* No. 09 CV 6064, 2009 WL 2599749, at *5 (S.D.N.Y. Aug. 24, 2009). Such transfers are merely "judicial housekeeping measure[s]" that allow for a change of courtrooms but not of law. *See Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). The Plaintiffs argue that the State Court where this action originated would have applied New York's six year statute of limitations for contract and fraud claims instead of the Texas four year statute of limitations applied by the Texas Court. (Pl. Rep. 6.) A change in venue altering the applicable substantive law violates the principles first laid down in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). (Pl. Rep. 6.) Since the Transfer Order changed the applicable substantive law, according to the Plaintiffs, the Order is actually void, which means this Court maintains the power to declare the transfer void. However, the Court is not persuaded that the Transfer Order is void.

 The Plaintiffs' argument fails because this Court's Transfer Order did not in any way embody a determination of the applicable substantive law. When a transfer from one federal district to another occurs, the transferee court must apply the state law that would have been applied by the transferor court. *See Ferens v. John Deere Co.,* 494 U.S. 516, 531, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) ("[W]e again conclude that the transferor law should apply regardless of who makes the § 1404(a) motion."); *see also Van Dusen v. Barrack,* 376 U.S. 612, 636, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("We conclude ... the transferee district must be obligated to apply the state law that would have been applied if there had been no change of venue.") Plaintiffs even cite this precedent in their papers. (Pl. Rep. 7.) And they state conclusively that the New York statute of limitations would have applied

had the action remained in the State Court or in this Court.

But neither court performed an appropriate conflict of laws analysis to determine the law of the case regarding the applicable statute of limitations. Without stating a view on the matter, the Court notes that this case does have contacts and relation to Texas on the basis of which a court, whether in New York or Texas, could find that Texas law should govern. The Texas Court, based upon a full conflict of laws review, should have examined New York state law, including New York conflict of laws doctrine, in ruling upon which statute of limitations applied to this action. If the Texas Court failed to do so—and the Court underscores that it is not expressing any view on this issue—then any error of law the Texas Court made can be corrected on appeal to the Court of Appeals for the Fifth Circuit.

When an action is transferred to another district, there is no way for the parties or the court to know in advance what disputes regarding not just statute of limitations, but a broad range of other applicable substantive law might arise in the transferee forum, or how that court would resolve such questions. Those disagreements, including any appeals, should be litigated in the transferee court. It would be impractical and inefficient administration of justice to allow plaintiffs to return to the transferor court whenever such a legal issue surfaced, or any time a plaintiff disagreed with a ruling of the transferee court relating to the application of substantive law. Moreover, a transferee court's mistake of law does not categorically nullify a transfer of a case from another district, restore jurisdiction to the transferor court, and allow plaintiffs such as these to negate years of litigation in the transferee court, as would occur in this action under Plaintiffs' theory.

That the Plaintiffs may already have unsuccessfully appealed to the Circuit Court does not automatically confer upon this Court jurisdiction to give Plaintiffs another bite at the apple, essentially transforming this Court into a forum for a collateral attack on the judgment of the Western District of Texas, or a substitute for the Court of Appeals for the Fifth Circuit.

As the Court finds the Transfer Order is not void and therefore that this Court does not have jurisdiction over this matter, the Court does not now consider the other arguments presented by the parties.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiffs Lothian Cassidy, LLC and Israel Grossman seeking reconsideration of this Court's January 28, 2013 Order (Dkt. No. 35) and alternatively for certification for interlocutory appeal is **DENIED.**

**SO ORDERED.**