**Carl CHEVALIER, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. No. 94–1143.**

United States District Court, District of Columbia.

Dec. 5, 1994.

Timothy Edward Mering, Tracey Nicoll Pate, Jenkins, Block & Mering, Baltimore, MD, for plaintiff.

Wyneva Johnson, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on cross-motions for summary judgment. Plaintiff, Carl Chevalier, seeks judicial review pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), of the decision of the Secretary of Health and Human Services denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c. In the alternative, Plaintiff seeks to have the case remanded for further proceedings. Defendant moves the Court pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure to affirm the decision of the Secretary.

## PROCEDURAL BACKGROUND

Plaintiff filed his claim for SSI and DIB on June 8, 1992, alleging that he had been disabled since November, 1990 with back and sinus problems, hypertension and gout. (R. 22, 28). The Secretary denied Plaintiff's claims at all levels of administrative review. (R. 32–33, 36–37.) The Appeals Council declined ·to review the Administrative Law Judge's ("ALJ") decision denying the Plaintiff benefits and the ALJ's decision became the final decision of the Secretary. (R. 3–4). This action followed.

## SCOPE OF REVIEW

Judicial review of the Secretary's decisions is not *de novo,* but rather is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied the correct legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The Court's role is not to reweigh the evidence and "replace the Secretary's judgment concerning the weight and validity of the evidence with its own." *Davis v. Heckler,* 566 F.Supp. 1193, 1195 (D.D.C.1983).

## LEGAL STANDARDS (RULES AND REGULATIONS)

The Act and its implementing regulations are very specific regarding the evaluative process to be applied by the Secretary in

determining entitlement to disability benefits. A five step process is to be employed to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If it is determined at any step that the claimant is not disabled, then further review is not necessary. The first step of five in the sequential evaluative process is to determine whether the claimant is engaged in "substantial gainful employment." The next four steps in the evaluative process are to determine whether plaintiff has a severe impairment, whether the impairment meets or equals the requirements of a listed impairment, whether the plaintiff can return to his past relevant work and if not, whether he can perform other work.

In this case, the Secretary's inquiry terminated at Step 2 with the finding that the Plaintiff was not severely impaired. Step two specifically provides:

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 416.920, 404.1520. The regulations further provide what is meant by a "not severe impairment"—

> (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
> (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine work setting.—meaning of severe impairment

20 C.F.R. §§ 416.921, 404.1521. According to the U.S. Supreme Court, "[i]f the impairments are not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 146, 107 S.Ct. 2287, 2293–94, 96 L.Ed.2d 119 (1987).

The Secretary is authorized by statute to place the burden of proof to show severe impairment on the claimant. Pursuant to 42 U.S.C. § 423(d)(5)(A), "An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." *Id.* at 146, 107 S.Ct. at 2294. If the Secretary determines that there is no severe impairment, the evaluation process is complete and the claim will be dismissed.

## ANALYSIS AND DECISION

■ This Court finds that there is substantial evidence to support the Secretary's decision that Plaintiff does not have a severe impairment based on the record before the Secretary.

Plaintiff, who was forty-six at the time of the administrative hearing before the ALJ, is a high school graduate with three years of college education. (R. 131). Plaintiff attended bartending school and worked as a bartender for 26 years. He also held a part-time job as a laundromat attendant in 1989 and 1990. (R. 131). Plaintiff has not worked since 1990, alleging that he could no longer work due to gout, hypertension and sinus and back problems. (R. 22, 28, 131). Plaintiff claims that his back problems began with accidents that happened before he stopped working. (R. 132). In July 1982, Plaintiff was rear-ended while driving a truck. (R. 62). In February of 1986, Plaintiff slipped and fell while bartending. (R. 82) After

each of those accidents, Plaintiff was able to return to work. (R. 132).

The reports of the various doctors who have treated Plaintiff do not indicate that Plaintiff is so severely impaired that he cannot perform basic work related activities such as sitting, standing, walking, lifting and carrying. 20 C.F.R. §§ 416.921, 404.1521. On May 12, 1989, plaintiff underwent an orthopedic evaluation associated with his workers' compensation claim. Dr. Frank Watkins reported that Plaintiff had a full range of motion in his lumbosacral spine with pain and that his neurological examination was within normal limits and his gait was normal. (R. 117) Dr. Watkins did recognize that a CT scan of the lumbosacral spine performed in May 1986 revealed spinal stenosis at L–4–5 and that a EMG and NCV done on April 7, 1986 revealed that Plaintiff had L5 radiculopathy. (R. 117) Nevertheless, Plaintiff continued to work until 1990 with these problems.

Dr. Lloyd Scribner found in July of 1992 that Plaintiff had full range of motion of the back and no palpable tenderness or muscle tightness. (R. 82) He found that there was no evidence of degenerative changes of the lumbar spine. (R. 82)

On August 31, 1992, Plaintiff underwent a disability evaluation with Dr. Elliot Aleskow. Dr. Aleskow found that Plaintiff had a full range of motion in all of his extremities and that he appeared to be stable medically despite his complaints. (R. 120). Dr. Aleskow was aware of Plaintiff's gout, asthma and hypertension problems as well as his back problems. (R. 119)

Plaintiff's own testimony supported the Secretary's decision. Plaintiff told Dr. Aleskow in 1992 that he was able to walk for five or six blocks. (R. 119). Moreover, he testified that he spends his days reading and doing household chores such as mopping. (R. 136). He estimated that he could lift 10 to 15 pounds. (R. 139). He reported that he did light food shopping for himself, drove an automobile, visited friends and took walks around the block during the day. (R. 137). The Secretary may consider a claimant's daily activities when evaluating the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

## CONCLUSION

The Court recognizes that back problems in combination with other health problems could cause a person to become disabled, especially as a person ages. In this case, however, the Court finds that there is substantial evidence to support the decision of the Secretary that the Plaintiff was not disabled at the time of the administrative proceedings based on the reports by the doctors and the Plaintiff's own testimony. If the Plaintiff's condition should deteriorate in the future, the Plaintiff can always reapply for disability benefits.

An appropriate order accompanies this memorandum opinion.

## ORDER

This matter comes before the Court on cross-motions for summary judgment. The Court finds that the Secretary's decision denying disability benefits to Plaintiff was supported by substantial evidence. Accordingly, the Court hereby **ORDERS** that Defendant's motion for judgment of affirmance be **GRANTED** and Plaintiff's motion for summary judgment, or in the alternative, motion for remand be **DENIED**.