Pep Boys v. Aranosian                    CV-94-354-M    03/26/96
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


The Pep Boys, Manny, Moe & Jack,
     Plaintiff,

     v.                                          Civil No. 94-354-M

Robert Aranosian, Lynda Aranosian,
and Capital City Motors, Inc.,
     Defendants.


                              O R D E R


     After a trial on the merits, the court determined that
defendants violated the New Hampshire Consumer Protection Act
("Act"), N.H. Rev. Stat. Ann. ("RSA") § 358-A:2.  Because
plaintiff was the "prevailing party" under the Act, the court
ordered defendants to reimburse plaintiff for reasonable
attorneys' fees and costs as required by RSA 358-A:10.

     The court instructed the parties to make a good faith effort
to agree on a reasonable amount of fees and costs.  Having
failed, the parties are before the court on plaintiff's motion
for fees and costs.  For the reasons discussed below, defendants
are ordered to pay plaintiff's attorneys' fees and costs in the
amount of $13,347.45.

## I. DISCUSSION

Plaintiff prevailed in its claim under the New Hampshire Consumer Protection Act, which prohibits the use of "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce in this state." N.H. Rev. Stat. Ann. § 358-A:2. Pursuant to the Act, "a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court." N.H. Rev. Stat. Ann. § 358-A:10(I). Plaintiff also succeeded in proving defendants violated the Lanham Act, 15 U.S.C. § 1114(1), but plaintiff is not entitled to attorneys' fees and costs under the Lanham Act since this does not qualify as an "exceptional" case. See 15 U.S.C. § 1117.

### A. Documented Fees and Costs

To determine whether the fees and costs requested by plaintiff are reasonable, the nature and amount of legal work for which Pep Boys seeks compensation must be examined. Where attorneys' fees are sought, the party moving for fees bears the burden of producing contemporaneous records of the nature of the work performed and the time expended on the work. Van Dorn Retail Management, Inc. v. Jim's Oxford Shop, Inc., 874 F. Supp.

476, 489 (D.N.H. 1994) (citing F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987)), aff'd, 45 F.3d 424 (1st Cir. 1995).  To the extent the moving party does not produce adequate contemporaneous records, the court should not award the amount requested.  F.H. Krear, 810 F.2d at 1265.

Pep Boys seeks fees in the amount of $20,389 for work performed through the preliminary injunction stage of the underlying litigation, voluntarily waiving its claim to fees incurred preparing for and conducting the trial itself.  Of this sum, plaintiff attributes $16,235 to fees paid to the law firm of Jacobson, Price, Holman & Stern (the "Jacobson firm") and $4,154 to fees paid to the law firm of Rath, Young & Pignatelli (the "Rath firm").  In addition, plaintiff requests $1,040 in attorneys' fees for work done in connection with the pending motion for fees.  Finally, plaintiff seeks costs as set forth in a bill of costs submitted to the court.

The evidence - billing records, pre-bill reports, and a bill of costs - does not support the precise amounts of fees and costs requested, and plaintiff has not explained the apparent discrepancies between the amounts requested and the amounts documented.  Because plaintiff has the burden of documenting the

3

fees and costs requested, the court will construe all discrepancies against Pep Boys.

Pep Boys seeks an award of $16,235 representing attorneys' fees paid to the Jacobson firm. In support of that request, plaintiff submitted the Jacobson firm's bills for legal work performed through the preliminary injunction stage of the case, as well as in-house pre-bill statements describing the work in more detail than provided in the client statements. The bills show that the Jacobson firm charged Pep Boys $16,205 in attorneys' fees through the preliminary injunction stage, slightly less than the $16,235 they seek to recover. The amount claimed by the plaintiff is accordingly reduced, at the outset, to $16,205.

Pep Boys also requests compensation for $4,154 in attorneys' fees it paid to the Rath firm, slightly less than the $4,226 established by the billing records submitted. Once again, given the unexplained minor discrepancy, the court will begin with the lower figure.

Pep Boys also requests $1,040 in attorneys' fees incurred in connection with the pending motion for fees. Plaintiff submitted no contemporaneous or other detailed records supporting this claim. Attorney Gentner filed a declaration, which notes only

4

the total number of hours spent on the motion and the rate at which those hours were billed. This declaration is not a contemporaneous record of the work performed; nor is it a reasonably detailed description of that work. In any event, the court declines to exercise its discretion to award fees related to the motion for fees in the absence of unreasonableness by either party in seeking to resolve the issue amicably. Each side should bear its own fees resulting from the parties inability to resolve the matter among themselves.

Pep Boys also requests the court to award costs through the preliminary injunction stage. According to plaintiff's calculations, costs, as itemized in the submitted bill of costs, amount to $941.97. According to the court's calculations, the sum is $1,132.05. Because the discrepancy appears to be due to excusable carelessness on the part of plaintiff's counsel, rather than to a failure to adequately document the individual costs, the court will construe Pep Boys' motion as a request for $1,132.05 in costs.

Plaintiff's documented attorneys' fees and costs, then, are as follows:

```
Fees paid to Jacobson firm                        $16,205.00
Fees paid to Rath firm                              4,154.00
          Fee Subtotal                             20,359.00
Costs of Suit                                       1,132.05

          Total Fees & Costs                      $21,491.05
```

Having established the total amount of fees and costs documented by plaintiff, the court may now proceed to consider whether the amount of fees requested is reasonable.

## B.    Reasonableness of Fees

The inquiry begins with the New Hampshire Consumer Protection Act, which awards a prevailing plaintiff "reasonable attorney's fees."  N.H. Rev. Stat. Ann. § 358-A:10.  Because it is New Hampshire law that entitles plaintiff to fees and costs, New Hampshire law governing the calculation and award of those fees and costs applies as well.  Northern Heel Corp. v. Compo Indust., 851 F.2d 456, 475 (1st Cir. 1988); Adolph Coors Co. v. Globe Distributors, Inc., No. C92-447-JD, slip op. at 3 (D.N.H. Mar. 29, 1995) (DiClerico, C.J.).  Under New Hampshire law, the task of determining the reasonableness of requested fees is entirely a matter of judicial discretion.  Drop Anchor Realty Trust v. Hartford Fire Ins., 126 N.H. 674, 681, 496 A.2d 339, 344 (1985).

RSA 358-A:10 does not describe a particular method for calculating fee awards under the Act. See Adolph Coors, supra at 3. However, the New Hampshire Supreme Court and this court have generally considered the eight criteria borrowed from Rule 1.5 of the New Hampshire Rules of Professional Conduct in setting reasonable fees. Adolph Coors, supra at 4; McCabe v. Arcidy, 138 N.H. 20, 29, 635 A.2d 446, 452 (1993); In re Estate of Rolfe, 136 N.H. 294, 299, 615 A.2d 625, 628-29 (1992); Funtown USA, Inc. v. Conway, 129 N.H. 352, 357, 529 A.2d 882, 885 (1987); Drop Anchor, 126 N.H. at 681; Couture v. Mammoth Groceries, Inc., 117 N.H. 294, 296, 371 A.2d 1184, 1186 (1977). Under that standard, the reasonableness of a fee is determined by examining:

> (1) The time and labor required and the novelty and difficulty of the questions involved;
>
> (2) the likelihood that acceptance of the particular employment precluded other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyers performing the services; and

7

(8)  whether the fee was fixed or contingent.

McCabe, 138 N.H. at 29 (emphasis added).

Here, the focus is on whether pursuit of the Consumer Protection Act claim required the time and labor plaintiff's counsel brought to bear (factor 1), and whether the fees sought are reasonable in light of the amount at stake and the results plaintiff obtained (factor 4).

### 1.    Time, Labor, and Skill Required

Plaintiff is entitled to fees because it prevailed on its New Hampshire Consumer Protection Act claim.  The Act requires a successful plaintiff to prove that a defendant's business practices caused a "likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or the certification by, another . . . ."  N.H. Rev. Stat. Ann. § 358-A:2.

There is, of course, an obvious overlap between Pep Boys' Lanham Act claim and Consumer Protection Act claim.  The Lanham Act claim, the major part of plaintiff's suit, also required plaintiff to prove a likelihood of confusion, and proof of a Lanham Act violation also constitutes proof of a Consumer Protection Act violation.  Therefore, though Pep Boys is not

8

entitled to attorneys' fees related to its Lanham Act claim, it is entitled to fees for that same work to the extent it was also necessary to establish the Consumer Protection Act claim.  See Roman v. Friedland, 849 F. Supp. 827, 828 (D. Mass. 1994).

But, even taking into account the overlap between plaintiff's state and federal claims, this case was relatively straightforward.  Defendants conceded use of the "Pep Boys" name and mark; plaintiff's superior federal rights to that name and mark were easily established; and, actual harm was negligible.  As the court has previously noted, this should have been an "easily resolved problem."  (Order at 22, Nov. 30, 1995.)

Given its relative simplicity, this case was, prior to trial, "over-lawyered."  The trial, by contrast, was conducted efficiently and effectively.  Plaintiff's lawyers, at least two of whom are intellectual property specialists, billed over 100 hours through the preliminary injunction stage alone.  The time invested and the multiple number of highly-skilled attorneys employed by plaintiff were substantially greater than necessary to successfully litigate the matter.  While plaintiff is of course free to employ as many attorneys as it chooses, defendants can be assessed only reasonable fees.  The court finds that reasonable fees here consist of the attorneys' fees claimed and

9

documented, reduced by 15% ($3,053.85) to more accurately reflect the level of time and skill reasonably required to successfully pursue Pep Boys' claims.

### 2. The Amount at Stake and the Results Obtained

In gauging the reasonableness of plaintiff's fee request, the court must also take into account "the amount involved and the results obtained." McCabe, 138 N.H. at 29. Indeed, the court urged the parties to agree on a reasonable fee "bearing in mind that the reasonableness of fees turns, in substantial part, on the limited nature of the benefits bestowed upon the prevailing party in the litigation." (Order at 29, Nov. 30, 1995.)

Plaintiff did have important interests at stake in this dispute at the time it first arose. While a specific dollar amount cannot easily be assigned to the declaratory, injunctive, and monetary relief Pep Boys sought under federal and state law, such relief, had it been warranted, would have been of substantial value to plaintiff.

In contrast, the results obtained by plaintiff under the New Hampshire Consumer Protection Act were anything but substantial. Pep Boys sought both equitable and monetary relief under RSA 358-

A:2 & 10.  However, they obtained neither an injunction nor compensation, since no actual economic damages were suffered.  Instead, plaintiff was awarded the $1,000 statutory default amount.  See N.H. Rev. Stat. Ann. § 358-A:10.  In addition, plaintiff did not prevail on its claim for injunctive relief or monetary relief under the Lanham Act.  In light of the limited nature and value of the award, the court finds that the attorneys' fees claimed and documented should be reduced by 25% ($5,089.75) to reflect the modest results obtained.

### 3.    Amount of Reasonable Attorneys' Fees and Costs

As noted in section I.A., above, plaintiff has claimed $20,359 in documented attorneys' fees.  Reduced by 15% for excess time and multiple counsel, and reduced by 25% to take into account the limited nature and value of the results obtained, a total reduction of 40%, plaintiff is entitled to $12,215.40 in reasonable attorneys' fees.  In addition, plaintiff claims and is entitled to costs of the suit in the amount of $1,132.05.  Accordingly, plaintiff is awarded attorneys' fees and costs in the amount of $13,347.45.

## C.  Post-Judgment Interest

Plaintiff also seeks post-judgment interest on the award of fees and costs.  Federal courts exercising supplemental jurisdiction over state law claims apply the federal post-judgment interest statute, 28 U.S.C. § 1961, rather than the state interest statute, to money judgments rendered on those claims.  Reed v. Country Miss, 1995 WL 348041, at **1 (6th Cir. June 8, 1995); see also Synchronics, Inc. v. Realworld Corp., No. C94-489-M, slip op. at 9 (D.N.H. Nov. 19, 1995) (applying 28 U.S.C. § 1961 to state law claim in diversity context).  The federal post-judgment interest statute reads:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent . . . of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgement.

28 U.S.C. § 1961(a) (emphasis added).  "[A]ny money judgment in a civil case" includes judgments awarding fees and costs.  Foley v. Lowell, 948 F.2d 10, 21 (1st Cir. 1991).

The Court of Appeals for the First Circuit has not yet decided whether interest awarded under 28 U.S.C. § 1961 runs from the date judgment establishing the right to reasonable attorneys'

fees and costs is entered - here, November 30, 1995 - or the date judgment is entered quantifying those costs - the date of this order. The majority of the circuit court decisions that have directly addressed the issue, however, calculate interest from the date judgment was entered establishing a party's right to fees and costs, even if they are unquantified at that time. Louisiana Power and Light Co. v. Kellstrom, 50 F.3d 319, 331 (5th Cir. 1995); Jenkins v. Missouri, 931 F.2d 1273, 1275-76 (8th Cir.), cert. denied, 502 U.S. 925 (1991); Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988). But see Wheeler v. John Deere Co., 986 F.2d 413, 416 (10th Cir. 1993). Under this rule, the fee-paying party has no incentive to delay quantification of the award but is not prejudiced by any delay that does occur, because it has the use of the money, and any interest it earns, in the interim. See Jenkins, 931 F.2d at 1277. Accordingly, defendants are ordered to pay plaintiff interest on the award of fees and costs from November 30, 1995, at the rate set forth in 28 U.S.C. § 1961.

## II. CONCLUSION

Applying New Hampshire law, the court determines reasonable attorneys' fees in this case to be $12,215.40. Costs of the case

13

through the preliminary injunction stage are $1,132.05.

Accordingly, defendants are ordered to pay plaintiff $13,347.45

in attorneys' fees and costs, plus interest from November 30,

1995.


        SO ORDERED.


                                        _____
                                        Steven J. McAuliffe
                                        United States District Judge

March 26, 1996

cc:   Brian T. Tucker, Esq.
      Marsha G. Gentner, Esq.
      David P. Slawsky, Esq.